# NOVEMBER, 1914.

### A. B. COLE v. THE STATE OF TEXAS EX REL. LOUIS COBOLINI.

#### No. 8701. Decided November 18, 1914.

**1.—Jurisdiction of Supreme Court.**

The Act of March 28, 1913, Laws, 33d Leg., p. 107, amending art. 1521, Rev. Stats., 1911, defining the jurisdiction of the Supreme Court and conferring on it appellate jurisdiction over the Court of Civil Appeals where such court has "erroneously declared the substantive law of the case" (par. 6), did not repeal article 1591, Rev. Stats., 1911, which made judgments of the Courts of Civil Appeals final in certain cases, including contested elections. There was no express repeal and the two statutes were capable of a construction permitting both to stand. (Pp. 473-477.)

**2.—Same.**

The Supreme Court has no jurisdiction to grant writ of error in a case of contested election, in which the judgment of the Court of Civil Appeals is made final by article 1591, Rev. Stats., 1911, though the latter court should be found to have erroneously declared the substantive law of the case. (Pp. 473-477.)

**3.—Same—Statutory Construction—Repeal.**

Repeal by construction is not favored. The Legislature is presumed to know the existing law and to intend its continued operation unless so positive a contradiction appears that the purpose to repeal is manifest. A construction will be sought which harmonizes them. Where the older law is particular and expressed in negative terms, a later one, in general terms, though broad enough to cover the particular case, will be construed as subject to the exception of the former particular statute. The conflict, to operate as a repeal, should be in legislation upon the same specific subject. (Pp. 474, 475.)

Application for writ of error to the Court of Civil Appeals, Fourth District, in an appeal from Cameron County.

Action by the State of Texas, on relation of Louis Cobolini, against A. B. Cole, by quo warranto, to oust defendant from the office of mayor of the City of Brownsville, to which relator claimed election over him. The State, by independent pleading filed by the district attorney, sought to have the election declared void. The trial court adjudged the election void, and defendant ousted from the office at suit of the State; but decreed that relator take nothing by his suit. Cole appealed, and on affirmance applied for writ of error.

*G. R. Scott, Boone & Pope, R. B. Creager, J. A. Graham,* and *Rentfro & Cole,* for plaintiff in error.—This was an ouster proceeding, not a contested election case. State ex rel. Jennett v. Owens, 63 Texas, 270; Rogers v. John, 42 Texas, 339; Williamson v. Lane, 52 Texas, 335; Ex parte Whitlow, 59 Texas, 273; Fontaine v. State, 69 Texas, 512; Palmer v. Commonwealth (Ky.), 92 S. W., 558; Wheat v. Smith (Ark.), 7 S. W., 163; Hussey v. Heim, 17 Texas Civ. App., 153; Scholl v. Bell

(Ky.), 102 S. W., 255; Hunnicutt v. State, 75 Texas, 233; Matthews v. State, 82 Texas, 577.

*John I. Kleiber,* District Attorney, *Dougherty & Dougherty, Harber & Davenport,* and *Jas. B. Wells,* for motion to dismiss.

Mr. Justice PHILLIPS delivered the opinion of the court.

This is a quo warranto proceeding in the name of the State upon the relation of Louis Cobolini to oust the plaintiff in error, Cole, from the office of mayor of the City of Brownsville,—a case of a "contested election," of which the jurisdiction of the Court of Civil Appeals is final under article 1591, Revised Statutes, 1911, if that article is now in force. State v. Thompson, 88 Texas, 228, 30 S. W., 1046. There has been no express repeal of the article, and it accordingly is now in effect unless the Act of the Thirty-third Legislature (Laws of 1913, p. 107), amending the statute defining the jurisdiction of the Supreme Court, worked its repeal by necessary implication. Whether such was the result of the Act is the question which arises upon the motion to dismiss the petition, filed by the defendant in error.

Article 1591 provides that "the judgments of the Courts of Civil Appeals shall be conclusive on the law and fact, nor shall a writ of error be allowed thereto from the Supreme Court in the following cases, towit:

"1. Any civil case appealed from a County Court or from a District Court, when, under the Constitution, a County Court would have had original or appellate jurisdiction to try it, except in probate matters and in cases involving the revenue laws of the State or the validity of a statute.

"2. All cases of boundary.

"3. All cases of slander.

"4. All cases of divorce.

"5. All cases of contested elections of every character, other than for State officers, except where the validity of the statute is attacked by the decision.

"6. The judgments of said Courts of Civil Appeals shall be final in all appeals from interlocutory orders appointing receivers or trustees or such other interlocutory appeals as may be allowed by law.

"7. The judgment of said court shall be final in all other cases as to law and facts, except where appellate jurisdiction is given to the Supreme Court and not made final in said Courts of Civil Appeals."

The caption of the Act of 1913 is in the following language:

"An Act to amend articles 1521, 1522, 1543, 1544 and 1526 of the Revised Civil Statutes of 1911 defining the original and appellate jurisdiction of the Supreme Court, and regulating practice therein."

The articles as amended which have any bearing upon the question read:

"Art. 1521. The Supreme Court shall have appellate jurisdiction co-extensive with the limits of the State, which shall extend to questions

of law arising in civil causes in the Courts of Civil Appeals in the following cases when same have been brought to the Courts of Civil Appeals by writ of error, or appeal, from final judgments of the trial court:

"(1)    Those in which the judges of the Courts of Civil Appeals may disagree upon any question of law material to the decision.

"(2)    Those in which one of the Courts of Civil Appeals holds differently from a prior decision of its own, or of another Court of Civil Appeals, or of the Supreme Court upon any such question of law.

"(3)    Those involving the validity of statutes.

"(4)    Those involving the revenue laws of the State.

"(5)    Those in which the Railroad Commission is a party.

"(6)    Those in which, by proper application for writ of error, it is made to appear that the Court of Civil Appeals has, in the opinion of the Supreme Court, erroneously declared the substantive law of the case, in which case the Supreme Court shall take jurisdiction for the purpose of correcting such error."

"Art. 1544.    If, upon examination of the petition for writ of error, the Supreme Court shall find the case to be one of which it may take jurisdiction, and that there is such a difference of opinion among the judges of the court from which the cause shall come, or such a difference between the decision brought in question and a decision of another court, as is specified in article 1521, or that the question involving the validity of a statute was erroneously decided, or that, in a case involving the revenue laws of a State, or to which the Railroad Commission is a party, any question of law material to its correct decision was erroneously decided, or that such an error is shown as is contemplated by subdivision 6 of article 1521, the court shall grant the writ for the purpose of deciding the question as to which the difference exists, or of correcting the erroneous decision and rendering the judgment in which a correct decision thereof shall result."

Repeals by implication are never favored. Laws are enacted with a view to their permanence, and it is to be supposed that a purpose on the part of the law-making body to abrogate them will be given unequivocal expression. Knowledge of an existing law relating to the same subject is likewise attributed to the Legislature in the enactment of a subsequent statute; and when the later Act is silent as to the older law, the presumption is that its continued operation was intended, unless they present a contradiction so positive that the purpose to repeal is manifest. To avoid a state of conflict an implied repeal results where the two acts are in such opposition. But the antagonism must be absolute,—so pronounced that both can not stand. Though they may seem to be repugnant, if it is possible to fairly reconcile them, such is the duty of the court. A construction will be sought which harmonizes them and leaves both in concurrent operation, rather than destroys one of them. If the later statute reasonably admits of a construction which will allow effect to the older law and still leave an ample field for its own operation, a total repugnance can not be said to exist, and, therefore, an implied repeal does not result, since in such case both may

stand and perform a distinct office. Especially will this construction be adopted where the older law is particular and expressed in negative terms, and the later statute is general in its nature. In such instances that to which the older law distinctly applied its negative provisions, will be regarded as excepted from the operation of the more general statute. These are but the familiar rules of construction to be applied where the implied repeal of a law is involved. They are so well understood as not to require the citation of authority, but reference may be made to the following: Lewis' Sutherland Stat. Cons., vol. 1, sec. 247; Endlich Interp. of Stat., secs. 210, 216, at pp. 288-289; Hanrick v. Hanrick, 54 Texas, 101; Brown & Co. v. Chancellor, 61 Texas, 437; Herndon v. Reed, 82 Texas, 647, 18 S. W., 665; Wilmot v. Mudge, 103 U. S., 217, 26 L. Ed., 536; Frost v. Wenie, 157 U. S., 46, 15 Sup. Ct., 532. 39 L. Ed., 614.

It may be well doubted whether any question of an implied repeal of article 1591 really arises upon the Act of 1913. One statute is not repugnant to another unless they relate to the same subject. It is not sufficient that there be a discrepancy between different parts of a system of legislation upon the same general subject; there must be a conflict between different statutes upon the same specific subject. 1 Suth. Stat. Cons., sec. 247. The subject matter of the Act of 1913 is the original and appellate jurisdiction of the Supreme Court and the regulation of its practice. It does not propose to deal with or affect the jurisdiction of the Courts of Civil Appeals. It contains no reference to that subject or any existing provision of law upon it. It distinctly takes no note of article 1591, in the caption or elsewhere. As not without some bearing on the question of its intended scope and effect upon any law relating to the jurisdiction of those courts, it may be remarked that it is even without a general repealing clause. The subject matter of article 1591 is the final jurisdiction of the Courts of Civil Appeals, recognized in our judiciary articles as a different subject from that of the appellate jurisdiction of the Supreme Court. In those articles, as they stood at the time of the adoption of this Act, the definition of the appellate jurisdiction of the Supreme Court did not include that of the final jurisdiction of the Courts of Civil Appeals, nor was the former declared in the terms of the latter. They constituted distinct subjects in that legislation, and this Act must be regarded as having been proposed and passed under that recognition. An Act limited in its scope to the revision of the jurisdiction of one court evidences no general intention to revise, as well, important features of the jurisdiction of another independent court, or that its provisions shall operate as a new system for the government of both. It will be presumed, on the contrary, that the impairment of the other jurisdiction was no part of its purpose. A seeming conflict between two statutes dealing, as do these, with different specific subjects, is a very narrow basis upon which to construct an implied repeal.

But leaving this phase of the question and assuming that the statutes relate to the same subject, an absolute and total conflict between them

is not disclosed. Taken in *pari materia,* as they may be if regarded as relating to the same subject, they are to be construed as one Act; but whether construed as one Act or as distinct Acts it is possible to fairly reconcile them and give each its intended operation. Whatever inconsistency exists between them arises from the jurisdiction conferred upon the Supreme Court by section 6 of amended article 1521, wherein it is given authority to review questions of law arising in civil causes in which, in its opinion, "the Court of Civil Appeals has erroneously declared the substantive law of the case." This section presents an apparent conflict with article 1591, but not such a total repugnance that the latter article can not stand if the section be given effect, or as to render the section inoperative if the article be held as still in force. It may have its appropriate sphere of operation, though article 1591 be allowed full effect.

It is in certain *"cases"* that the jurisdiction of the Courts of Civil Appeals is made final under article 1591, and clearly because of the nature of such cases. It is a particular statute, and is expressed in negative terms, the language being *"nor shall a writ of error be allowed thereto from the Supreme Court."* This is a very clear and emphatic declaration. It is a definite exemption from the appellate jurisdiction of the Supreme Court of all cases of the classes named, as applicable to any subsequent adjustment of that jurisdiction which did not distinctly remove it, as to the law by which such jurisdiction was then defined. Having regard for its character as an exemption provision, it would seem to necessarily provide an exception to a revision of that jurisdiction which is silent as to it and is expressed in such general terms as to include, if taken literally, all classes of cases of which the Courts of Civil Appeals have appellate jurisdiction. In making the jurisdiction of the Courts of Civil Appeals final as to cases of the classes named, article 1591 presents no interference with the exercise of the jurisdiction of the Supreme Court, as conferred by section 6 of amended article 1521, over all other cases to which the appellate jurisdiction of the Courts of Civil Appeals extends. The terms of that section are not such as to positively include any of the classes of cases named in article 1591, and are, therefore, not inconsistent with their exclusion. No violence is done its language by restraining its operation to cases not by law declared exempt from the jurisdiction of the Supreme Court. With one statute negative in character, and relating to particular classes of cases over which a certain jurisdiction is directly denied, and another statute, affirmative, and defining that jurisdiction in general terms, no doubt can be indulged as to the construction to be applied. In such a case the question of an implied repeal of the particular statute is not to be seriously considered. It will be construed as constituting an exception to the general statute, under the settled rule, though the language of the latter is, literally, broad enough to include that to which its negative provisions apply. In this manner both statutes will be given effect and each allowed its appropriate field of operation. We ac-

cordingly hold that the Act of 1913 did not by implication repeal article 1591, and that article is now in force.

It should be said that during the last term, in applying the Act of 1913 we acted under the view that it's effect was to confer upon this court jurisdiction over questions of substantive law in cases made final in the Courts of Civil Appeals by the terms of this article; and in a few instances, doubtless, writs of error have been granted in such cases, which under this ruling will be dismissed. This is a consideration of no weight, however, as opposed to a correct decision. A full examination of the question had not then been undertaken. It has since received a careful consideration, with the conclusion here announced as the result.

The motion to dismiss is granted.

Opinion delivered November 18, 1914.

MR. CHIEF JUSTICE BROWN, concurring.

Upon a full and thorough examination of the questions involved in the foregoing opinion I fully concur with the reasoning and the conclusions expressed therein.

Associate Justice Hawkins absent, and will later announce his position.