MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. JAMES A.
GREGORY ET AL.

Motion No. 4271.  Application No. 10554.  Decided June 19, 1918.

**1.—Jurisdiction of Supreme Court.**

In cases in which the judgments of the Court of Civil Appeals are declared
final by article 1591, Rev. Stats., such as those within the jurisdiction of
County Courts, no writ of error lies to the Supreme Court under article 1521,
Rev. Stats., as amended by Act of March 15, 1917 (Laws, 35th Leg., p. 140).
Cole v. State, 105 Texas, 472, followed.  (P. 213.)

**2.—Same—Stare Decisis—Statutory Construction.**

Mr. Justice Hawkins, who had dissented from the construction, announced
in Cole v. State, 105 Texas, 472 (McFarland v. Hammond, 106 Texas, 579;
Spence v. Fenchler, 107 Texas, 443), feels now constrained to follow the
majority ruling therein as constituting a settled rule of practice, and also
as governing the construction of art. 1521, Rev. Stats., as subsequently amended
(1917) in the light of such ruling.  (Pp. 213, 214.)

· Motion for rehearing of an application for writ of error previously
dismissed.

*A. H. McKnight* and *Tyler, Hubbard & Tyler,* for applicant.

*Thomas, Milam & Touchstone,* for appellees.

MR. JUSTICE HAWKINS, concurring in the judgment overruling the
motion for rehearing, delivered the following opinion:

The application of plaintiff in error for a writ of error was dismissed
by this court for want of jurisdiction, the suit being one which properly
might have originated in the County Court.  Dismissal resulted from
an application of the views expressed by a majority of this court in
Cole v. State, 106 Texas, 472, 170 S. W., 1036, to the effect that Revised
Statutes, article 1521, as amended by the Thirty-third Legislature (Gen.
Laws 1913, ch. 55, p. 107), was controlled by Revised Statutes, 1591,
a much earlier statute, which declares final the appellate jurisdiction of
Courts of Civil Appeals in certain enumerated classes of cases, includ-
ing "any civil case appealed from a County Court, or from a District
Court when, under the Constitution, a County Court would have had
original or appellate jurisdiction to try it, except in probate matters
and in cases involving the revenue laws of the State or the validity of a
statute," and that, consequently, cases within the potential jurisdiction
of the County Court were not within the appellate jurisdiction of the
Supreme Court.

An analogous situation is presented by our present jurisdictional
statute, article 1521, as amended by General Laws 1917, chapter 75,
page 140.

It is true that I have never concurred in the above mentioned con-
struction and application of article 1521, as amended in 1913.  McFar-
land v. Hammond, 106 Texas, 579, 173 S. W., 645; Spence v. Fenchler,

107 Texas, 443, 180 S. W., 597. Nevertheless the rule of construction announced in Cole v. State seems to have become the settled doctrine controlling our practice, and recently has been reaffirmed by action of my present associates.

Moreover, and whether said rule of construction as applied to said amendment of 1913 was sound and correct or not, I am constrained to believe that under general and well settled and sound rules of statutory construction it should now be held that inasmuch as the decision in Cole v. State was rendered in 1914, long prior to the enactment of our said present jurisdictional statute, and had been applied, thereafter, by this court in a great number of cases and continuously down to the last amendment of said article 1521, effective July 1, 1917, that article, as it now stands, should be construed and applied in the light of said former decision and practice. Under the circumstances, had the Legislature intended otherwise, it rationally would have employed different or additional words in said Act of 1917, and would have repealed or amended, expressly, said older statute, article 1591, which, upon its face, does appear to conflict with the later provisions of article 1521 as it now stands. It follows that the motion for rehearing should be overruled. The foregoing is presented merely as an expression of my individual views.

Opinion filed June 19, 1918.