

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Holvey Williams
Criminal District Attorney
Waco, Texas

Dear Sir:

> Opinion No. 0-2108
> Re: Authorization by County Com-
> missioners' Court in addition
> to approval of City Planning
> Commission, or of governing
> body where no Planning Com-
> mission exists, must be shown
> before County Clerk is author-
> ized to file or record a plat
> of subdivision in said county,
> lying outside of, but within
> 5 miles of, city of 25,000 or
> more population.

We quote from your letter of March 19, 1940, in which you request the opinion of this department, as follows:

> "A plat of a subdivision located within five miles of the corporate limits of the City of Waco, Texas, a city which contains 25,000 inhabitants or more according to the last federal census for the purpose of laying out sub-urban lots or building lots, streets, alleys and other portions intended for public use, has been submitted to the County Clerk of McLennan County for record, the said plat having heretofore been approved by the City Commission of the City of Waco in compliance with Article 974A of the Revised Civil Statutes of Texas.

> "Under the above circumstances, would it be proper and lawful for the County Clerk of McLennan County, Texas, to file and record the

0 COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Holvey Williams, Page 2

aforesaid instrument without it having been
approved and authorized by the Commissioners'
Court of McLennan County, Texas?"

Under Article 974a, Vernon's Civil Statutes, it
is provided, substantially, that plats or replats of sub-
divisions outside of, but within five miles of, the corporate
limits of a city containing 25,000 or more inhabitants ac-
cording to the last Federal Census, or of a smaller city or
town which has, by majority vote of its qualified voters,
adopted the provisions of this Article, must be approved,
and bear an endorsement to that effect, by the City Planning
Commission, or, if no Planning Commission exists, by the
governing body of such city or town, in addition to being
acknowledged as provided therein, before such plat may be
lawfully filed or recorded by the County Clerk of the County
within which such subdivision lies. See Hollis v. Parkland
Corporation (Comm. App., Sec. A, 1931), 40 S. W. (2d) 53.

Article 974a, together with Penal Code Article 427b,
making it a misdemeanor for the County Clerk to accept for
registration a plat which does not meet these requirements,
were enacted by the 40th Legislature as Chapter 231, Acts 1927,
Page 342.

Subsequently, the 42nd Legislature amended Article
6626, which had previously read as follows:

"The following instruments of writing which
shall have been acknowledged or proved according
to law, are authorized to be recorded, viz: all
deeds, mortgages, conveyances, deeds of trust,
bonds for title, covenants, defeasances or other
instruments of writing concerning any lands or
tenements, or goods or chattels, or movable prop-
erty of any description,"

by adding the following:

"provided, however, that in cases of subdivision
or re-subdivision of real property no map or plat
of any such subdivision shall be filed or recorded
unless and until the same has been authorized by
the Commissioners' Court of the County in which
the real estate is situated by order duly entered
in the minutes of said Court, except in case of
partition or other subdivision through a Court of

record; provided, that within incorporated cities and towns the governing body thereof in lieu of the Commissioners' Court shall perform the duties hereinabove imposed upon the Commissioners' Court," (See Acts 1931, 42nd Leg., p. 371, Ch. 217.)

Article 1137b of the Penal Code, enacted by the same Legislature which amended Article 6626, makes it a misdemeanor for anyone to file or record any such map or plat without previously securing approval therefor as provided by law. (Acts 1931, 42nd Leg., p. 266, ch. 160.)

Chapter 217, Acts 1931, (Article 6626 as amended) makes no exception in regard to the situation governed by Article 974a, nor does it repeal any of the provisions of Article 974a.

We see no conflict between the provisions of these two Articles in regard to the situation you set forth, but even should such be apparent, we would be bound, under recognized rules of statutory construction, to reconcile and harmonize the conflict if possible, where, as here, the statutes are in pari materia. Bishop v. Houston Independent School District, 119 Tex. 403, 29 S. W. (2d) 312.

"It is a settled rule of statutory interpretation that statutes which deal with the same general subject, have the same general purpose, or relate to the same person or thing, are considered as 'in pari materia'. (in relation to the same matter), although they contain no reference to one another, and although they were passed at different times or at different sessions of the Legislature.

"In order to arrive at a proper construction of a statute, and determine the exact legislative intent, all acts and parts of acts in pari materia will, therefore, be taken, read and construed together, each enactment in reference to the other, as though they were parts of law. Any conflict between their provisions will be harmonized, if possible, and effect will be given to all provisions of each act if they can be made to stand together and have concurrent efficacy." 39 Tex. Jur. 253, Sec. 135, and cases cited.

A correlative rule of statutory construction is that repeal of statutes by implication is never favored nor presumed. Townsend v. Terrell, 118 Tex. 463, 16 S. W. (2d) 1063.

"Where there is no express repeal, the presumption is that in enacting a new law the Legislature intended the old statute to remain in operation." 39 Tex. Jr. 141; Cole v. State ex rel. Cobolini, 106 Tex. 472, 170 S. W. 1036.

Construing the two statutes together, then, we find that before the County Clerk may lawfully file or record the plat in question, such plat must be authorized by the Commissioners' Court of his County in the manner provided in Article 6626, in addition to meeting the requirements as to acknowledgment and the requirements as to approval by the City Planning Commission, or, if none exists, by the governing body, of such city or town in the manner provided in Article 974a.

It is, therefore, the opinion of this department and you are so advised that under the facts set forth in your letter, as quoted above, it would not be proper nor lawful for the County Clerk of McLennan County to file and record the plat in question unless and until the same has been authorized by the Commissioners' Court of that County in the manner provided in Article 6626.

Trusting that we have fully answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Robert E. Kepke
Assistant

By _____
Peter Maniscalco

APPROVED APR 1, 1940

_____
ATTORNEY GENERAL OF TEXAS

PM:BBB



APPROVED OPINION COMMITTEE BY _____ CHAIRMAN