

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXIXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Jesse   James
State Treasurer
Austin, Texas

Dear Mr. James:

Opinion No. O-4178
Re: Whether or not Insured Build-
ing and Loan Association stock
certificates are eligible un-
der the State Depository Law
as collateral to secure State
funds?

We beg to acknowledge receipt of your letter asking
for an opinion from this department, as follows:

"The State Depository Board is requesting
an opinion from you at your very earliest con-
venience in regard to Insured Building and Loan
Association Stock Certificates, as follows:

"1. Are such Certificates eligible under
the State Depository Law as collateral to secure
State Funds?

"2. If in your opinion they are eligible
as collateral for State Funds, how or by whom is
the collateral value of such Certificates to be
determined?"

Article 2529 of Vernon's Civil Statutes prescribes
the kinds of securities which are eligible as collateral to
a depository for State funds, as follows:

"Bonds and certificates and other evidences
of indebtedness of the United States, and all
other bonds which are guaranteed as to both
principal and interest by the United States; bonds
of this State; bonds and other obligations is-
sued by the University of Texas; warrants drawn on
the State Treasury against the General Revenue of
the State; bonds issued by the Federal Farm
Mortgage Corporation, provided both principal and
interest of said bonds are guaranteed by the United
States Government; Home Owners Loan Corporation

bonds, provided both principal and interest of
said bonds are guaranteed by the United States
Government and such securities shall be ac-
cepted by the Board in an amount not less than
five (5%) per cent greater than the amount of
State funds which they secure; provided, that
Texas Relief Bonds may be accepted at face value
and without margin for the amount of State funds
allotted, provided such State Relief Bonds have
all unmatured coupons attached; bonds of counties
located in Texas; * * *"

Insured Building and Loan Association shares or
stock are not included in the list of eligible securities
for State deposits, and the Board, therefore, has no author-
ity to accept them as such.

It is well, perhaps, for us to refer to Senate Bill
No. 166, passed by the Regular Session of the 47th Legis-
lature dealing with Investment by Fiduciaries.

Section 1, of Senate Bill No. 166, contains the fol-
lowing:

" * * *, hereafter, all mortgages, bonds, de-
bentures, notes, collateral trust certificates,
and other such evidences of indebtedness, issued
or that hereafter may be issued under the terms
and provisions of the National Housing Act, ap-
proved by the President of the United States on
June 27, 1934, as amended and as may hereafter
be amended, and all 'insured accounts' issued or
that may hereafter be issued by any institution
insured under the provisions of Title IV of the
National Housing Act, approved June 27, 1934, as
amended and as may hereafter be amended, or any
evidences of indebtedness or accounts that may
be issued or insured by any lawful agency created
thereunder, all mortgages, bonds, debentures, notes,
collateral trust certificates, or other such evi-
dences of indebtedness, which have been or which
may hereafter be issued by the Federal Home Loan
Bank Board, or any Federal Home Loan Bank, or
the Home Owners' Loan Corporation, or by the
Federal Savings and Loan Insurance Corporation,
or by the Reconstruction Finance Corporation, or
by the Federal Farm Loan Board, or by any Federal
Land Bank, or by any National Mortgage Association,
or by any entity, corporation or agency, which has
been or which may be created by or authorized by

any Act, which has been enacted or which may here-
after be enacted by the Congress of the United
States, or by any amendments thereto, which has
for its purpose the relief of , refinancing of or
assistance to owners of mortgaged or encumbered
homes, farms, and other real estate, and the im-
provement or financing or the making of loans on
any real property, shall hereafter be lawful in-
vestments for all fiduciary and trust funds in
this State, and may be accepted as security for
all public deposits where deposits of bonds or
mortgages are authorized by law to be accepted. ***"

Assuming, but not deciding, that the last provision
of the above quotation with respect to securities there men-
tioned being eligible "as security for all public deposits
where deposits of bonds or mortgages are authorized by law
to be accepted", is applicable to the class of deposits in-
volved in your letter of inquiry, nevertheless S.B. No. 166
in this respect is a general law of deposit securities,
whereas the State Depository Act herein first above quoted
is a special law upon the subject of securities eligible for
deposit by State depository banks, and under well-established
principles, numerously attested by the decisions, the special
law prevails over the general.  It is treated as an exception
to the general law, thus enabling both the general and the
special laws to stand at the same time and to be applicable
in their appropriate spheres.

San Antonio & A. P. Ry. Co. v. State, 95
    S. W. (2) 680;

Townsend v. Terrell (Tex.) 16 S.W. (2)
    1063;

Cole v. State (Tex.) 170 S. W. 1036, 163
    S. W. 353;

Hunt v. Atkinson (Com. Apps.) 12 S.W. (2)
    142, 17 S. W. (2) 780, 18 S.W. (2) 594;

39 Tex. Jur. "Statutes", § § 81,82.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/Ocie Speer
Ocie Speer
Assistant

OS:MR:wc


APPROVED NOV 8, 1941
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman