

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 17, 1948

Hon. James C. Martin
County Attorney
Nueces County
Corpus Christi, Texas

Opinion No. V-683

Re: The necessity of a
Board of Managers of
a City-County hospi-
tal advertising for
bids on contracts in
excess of $2,000 or
for materials and sup-
plies in excess of
$150.

Dear Mr. Martin:

In your request for an opinion you state that
the City of Corpus Christi and Nueces County, pursuant
to Article 4494-i, V. C. S., established and are now
operating a City-County hospital in the City of Corpus
Christi called Memorial Hospital. The Board of Managers
of the hospital desires to expend approximately $30,000
for the purchase of a building, boiler, water heater,
ironer, pipe valves and fittings for a laundry to be
operated in connection with the hospital. You submit
two questions as follows:

"1. Does the Board of Managers of
a City-County Hospital operating under
Article No. 4494-i have to advertise for
bids for purchase of materials and sup-
plies in excess of $150.00, as provided
in Article No. 1659?

"2. Is the Board of Managers of a
City-County Hospital operating under Art-
icle No. 4494-i required to advertise for
bids on any contract in excess of $2,000.-
00 as provided by Article No. 2368-a?"

Article 1659, V. C. S., provides, in part, as
follows:

"Supplies of every kind, road and bridge
material, or any other materials, for the use

of said county, or any of its officers, departments, or institutions must be purchased on competitive bids, the contract to be awarded to the party who, in the judgment of the commissioners court, has submitted the lowest and best bid. . . In cases of emergency, purchases not in excess of one hundred and fifty dollars may be made upon requisition to be approved by the commissioners court, without advertising for competitive bids."

Article 2368a, V. C. S. as amended, provides, in part, as follows:

"No county acting through its Commissioners Court and no city in this State shall hereafter make any contract calling for or requiring the expenditure or payment of Two Thousand Dollars ($2,000) or more out of any fund or funds of any county or subdivision of any county creating or imposing an obligation or liability of any nature or character upon such county or any subdivision of such county, or upon such city, without first submitting such proposed contract to competitive bids. . ."

Article 4494-1, V. C. S., provides, in part, as follows:

"Sec. 2. The Board of Managers shall be composed of seven (7) members; three (3) of this number shall be appointed by the Commissioners Court of such county, three (3) shall be appointed by the governing body of such city or town, and one shall be appointed by the Commissioners Court of such county and the governing body of such city or town acting jointly as one appointive body. The Commissioners Court of such county shall appoint to the Board one member for a term of office expiring at the end of two (2) years from date of appointment, one member for a term of office expiring four (4) years from date of appointment, and one member for a term of office expiring six (6) years from date of appointment. In like manner, the governing body of such city or town shall appoint to the Board one member for a term of office ex-

piring two (2) years from date of appoint-
ment, one member for a term of office expir-
ing four (4) years from date of appointment,
and one member for a term of office expiring
six (6) years from date of appointment; and
similarly, the Commissioners Court and the
Governing body of such city or town, acting
together as an appointive body, shall appoint
one member for a term of office expiring six
(6) years from date of appointment. There-
after, at the expiration of each term of office
of the members so appointed to such Board, the
Commissioners Court and the governing body of
such city or town acting jointly as an appoin-
tive body, shall each respectively make, and
continue to make, similar appointments to such
Board for a term of office of six (6) years
each. Any vacancy occuring during the term
of office of any member, whether by resigna-
tion or death, shall be filled for the unex-
pired portion of such term by the particular
appointive body previously making the appoint-
ment of the resigning or deceased member.

"Sec. 4. <u>Such Board of Managers shall
have full and complete authority to enter in-
to any contract connected with or incident
to the establishment, erection, equipping,
maintaining or operating such hospital or
hospitals</u>, and in this connection shall have
authority to disburse and pay out all funds
set aside by such county and such city or
town for purposes connected with such hospi-
tal or hospitals, and such action by such
city or town as though such action had been
taken by the Commissioners Court of such
county or governing body of such city or
town.

"Sec. 5. Once each year such Board of
Managers shall prepare and present to such
Commissioners Court and the governing body
of such city or town a complete financial
statement of the financial status of such
hospital or hospitals, and shall submit
therewith a proposed budget of the antici-
pated financial needs of such hospital or
hospitals for the ensuing year. On the ba-
sis of such financial statement and budget

the Commissioners Court of such county
and the governing body of such city or
town shall appropriate or set aside for
the use of such Board of Managers in the
operation of such hospital or hospitals
the amount of money which seems proper and
necessary for such purpose.

"Sec. 7.  In connection with the erec-
tion and equipping of such hospital or hos-
pitals said Board of Managers shall have
the authority to determine the manner of
expending any funds that may have been pro-
vided by such county and such city or town
for such purpose, whether by the issuance
of bonds or other obligations, or by ap-
propriations from other funds of such coun-
ty and city or town, it being the intention
by this Act to grant to such Boards the com-
plete authority to manage and control all
matters affecting such hospitals, reserving
to such county and city or town the right
only to appoint members to such Board of
Managers and to approve the annual budget
hereinabove provided for."  (Emphasis ours)

In Sutherland Statutory Construction, Vol. 2,
pages 541-543, it is stated:

"General and special acts may be in
pari materia.  If so, they should be con-
strued together.  Where one statute deals
with a subject in general terms, and anoth-
er deals with a part of the same subject
in a more detailed way, the two should be
harmonized if possible; but if there is
any conflict, the latter will prevail, re-
gardless of whether it was passed prior to
the general statute, unless it appears that
the legislature intended to make the gener-
al act controlling."

In the case of Fortinberry v. State (Tex. Com.
App.) 238 S.W. 147, a specific statute which declared
that no person shall be eligible to the office of mayor
unless he possesses the qualifications of an elector and
shall have resided 12 months next preceding the election
within the limits of the city would control a general
statute that no person shall be eligible to any state,

county, precinct or municipal office in this State un-
less he shall have resided in this State for a period of
12 months and 6 months in the county, precinct or muni-
cipality in which he offers as a candidate next preced-
ing the election. This case quotes as its authority the
following language of the case of Cole v. Cobolini, 106
Tex. 492, 170 S.W. 1036:

> "With one statute negative in char-
> acter, and relating to particular classes
> of cases over which a certain jurisdiction
> is directly denied, and another statute,
> affirmative, and defining that jurisdiction
> in general terms, no doubt can be indulged
> as to the construction to be applied. In
> such a case the question of an implied re-
> peal of the particular statute is not to
> be seriously considered. It will be con-
> strued as constituting an exception to the
> general statute, under the settled rule,
> though the language of the latter is, lit-
> erally, broad enough to include that to
> which its negative provisions apply. In
> this manner both statutes will be given ef-
> fect and each allowed its appropriate field
> of operation."

Also, in the case of Townsend v. Terrell, 16
S.W.(2d) 1063 (Tex. Com. App.) the court said:

> "It is only where acts are so in-
> consistent as to be irreconcilable that
> a repeal by implication will be indulged.
> If there exists such conflict, then there
> is a presumption of the intention to re-
> peal all laws and parts of laws in conflict
> with the clear intention of the last act.
> This is necessarily true where both acts
> cannot stand as valid enactments.

> "This rule of construction has found
> frequent and apt illustration where one of
> the supposedly conflicting statutes was
> general in its terms and the other speci-
> fic. In such a case it is universally held
> that the specific statute more clearly evi-
> dences the intention of the Legislature
> than the general one, and therefore that it
> will control. In such a case both statutes

are permitted to stand - the general one applicable to all cases except the particular one embraced in the specific statute. . ."

Applying this principle to the instant case, it is noted that the Legislature in the enactment of Article 4494-1, supra, excepted City-County operated hospitals from the provisions of Articles 1659 and 2368a, inasmuch as the authority for entering into contracts and expending funds which have been provided for hospital use by such county has been delegated to the Managers of such county operated hospital.

The provisions of Arts. 1659 and 2368a, V. C. S. or any other statute do not require the Board of Managers of a City-County hospital to advertise for competitive bids before they purchase supplies, equipment, etc. for the hospital, but on the contrary, we believe the provisions of Art. 4494-1, V. C. S. clearly authorize said Board to purchase said items without asking for competitive bids.

Further, it would be impossible for a Board of Managers of a City-County hospital to comply with the provisions of Arts. 1659 and 2368a if they were advertising for competitive bids. Art. 1659 is only applicable to counties, and Art. 2368a is only applicable to cities and counties when the county is "acting through its Commissioners' Court" and when the city is acting through its governing body.

Whether good business management by the Board of Managers of the City-County hospital's affairs requires the advertisement for competitive bids before supplies, equipment, etc. are purchased for the said hospital, is a matter within the discretion of said Board of Managers, and whether said Board should be required to do so, is for the Legislature to determine.

It is our opinion that the Board of Managers of a City-County hospital operating under the provisions of Art. 4494-1, does not have to advertise for bids for materials and supplies in excess of $150.00 or on contracts in excess of $2,000.00 as provided in Articles 1659 and 2368a, V. C. S.

## SUMMARY

A Board of Managers of a City-County hospital operating pursuant to Article 4494-1, V. C. S., does not have to advertise for bids for the purchase of materials and supplies in excess of $150.00, and is not required to advertise for bids on contracts in excess of $2,000.00.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Burnell Waldrep
Assistant

John Reeves
Assistant

BW:JR:mw

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL