

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

August 30, 1950

Hon. W. P. Herms, Jr.
County Auditor
Waller County
Hempstead, Texas

Dear Sir:

Opinion No. V-1100.

Re: Duties of County Auditor in connection with the operation of a County Hospital.

You have requested our opinion as to the duties of the County Auditor in connection with a county hospital now being constructed in Waller County. Specifically you have presented for our determination five separate questions which we will restate in connection with our answers thereto.

First, you ask:

"Whether it is County Auditor's duty to install an accounting system for hospital or whether it is merely Auditor's duty to prescribe forms and rules necessary for the audit of the collection and disbursement of hospital funds."

Article 4478 of Vernon's Civil Statutes provides for the establishing, enlarging, repairing, and maintaining of a county hospital. Article 4479 of Vernon's Civil Statutes provides for the appointment of six resident property taxpaying citizens of the county who shall constitute a board of managers of such hospital.

Article 4480, V.C.S., provides:

"The board of managers shall elect from among its members a president, and one or more vice-presidents and a secretary and a treasurer. It shall appoint a superintendent of the hospital who shall hold office at the pleasure of said board. Said superintendent shall not be a member of the board, and shall be a qualified practitioner of medicine, or be specially trained for work of such character.

"The board shall also appoint a staff
of visiting physicians who shall serve with-
out pay from the county, and who shall visit
and treat hospital patients at the request
either of the managers or of the superintend-
ent.

"Said board shall fix the salaries of
the superintendent and all other officers
and employes within the limit of the appro-
priation made therefor by the commissioners
court, and such salaries shall be compensa-
tion in full for all services rendered. The
board shall determine the amount of time re-
quired to be spent at the hospital by said
superintendent in the discharge of his duties.
The board shall have the general management
and control of the said hospital, grounds,
buildings, officers and employees thereof;
of the inmates therein, and of all matters
relating to the government, discipline, con-
tracts and fiscal concerns thereof; and make
such rules and regulations as may seem to
them necessary for carrying out the purposes
of such hospital. They shall maintain an ef-
fective inspection of said hospital and keep
themselves informed of the affairs and manage-
ment thereof; shall meet at the hospital at
least once in every month, and at such other
times as may be prescribed in the by-laws;
and shall hold an annual meeting at least
three weeks prior to the meeting of the com-
missioners court at which appropriations for
the ensuing year are to be considered."

Article 4484, V.C.S., provides:

"The board of managers shall keep in a
book provided for that purpose a proper rec-
ord of its proceedings, which shall be open
at all times to the inspection of its members,
to the members of the commissioners court and
to any citizen of the county. The board shall
certify all bills and accounts, including sal-
aries and wages, and transmit them to the com-
missioners court, who shall provide for their
payment in the same manner as other charges
against the county are paid.

"The board of managers shall make to the commissioners court annually, and at such times as said court shall direct, a detailed report of the operation of the hospital dispensaries and school during the year, showing the number of patients received and the methods and results of their treatment, together with suitable recommendations and such other matter as may be required of them, and shall furnish full and detailed estimates of the appropriations required during the ensuing year for all purposes, including maintenance, the erection of buildings, repairs, renewals, extensions, improvements, betterments or other necessary purposes."

Article 4485, V.C.S., provides in part as follows:

"The superintendent shall be the chief executive officer of the hospital, but shall at all times be subject to the by-laws, rules and regulations thereof, and to the powers of the board of managers.

"He shall, with the consent of the board of managers, equip the hospital with all necessary furniture, appliances, fixtures and all other needed facilities for the care and treatment of patients, and for the use of officers and employes thereof, and shall purchase all necessary supplies, not exceeding the amount provided for such purposes by the commissioners court.

"He shall have general supervision and control of the records, accounts and buildings of the hospital, and all internal affairs, and maintain discipline therein, and enforce compliance with and obedience to all rules, by-laws and regulations adopted by the board of managers for the government, discipline and management of said hospital and the employes and inmates thereof. He shall make such further rules, regulations and orders as he may deem necessary, not inconsistent with law or with the rules, regulations and directions of the board of managers. He shall, with the consent of the board of managers, appoint

such resident officers and such employes as
he may think proper and necessary for the ef-
ficient performance of the business of the
hospital, and prescribe their duties; and for
cause stated in writing, he may discharge any
such officer or employe at his discretion, af-
ter giving such officer or employe an oppor-
tunity to be heard.

"He shall cause proper accounts and rec-
ords of the business and operations of the
hospital to be kept regularly from day to day
in books and on records provided for that pur-
pose; and shall see that such accounts and
records are correctly made up for the annual
report as required by this law, and present
the same to the board of managers who shall
incorporate them in their report to the com-
missioners court.

"   . . .

"He shall collect and receive all moneys
due the hospital, keep an accurate account of
the same, report the same at the monthly meet-
ing of the board of managers and transmit the
same to the county collector within ten days
after such meeting." (Emphasis added.)

Articles 1651, 1653, 1654, 1656 and 1664, V.C.
S., are as follows:

"Art. 1651. The auditor shall have a
general oversight of all the books and rec-
ords of all the officers of the county, dis-
trict or State, who may be authorized or
required by law to receive or collect any
money, funds, fees or other property for the
use of, or belonging to, the county; and he
shall see to the strict enforcement of the
law governing county finances."

"Art. 1653. He shall have continual ac-
cess to and shall examine all the books, ac-
counts, reports, vouchers and other records
of any officer, the orders of the commission-
ers court, relating to finances of the county,
and all vouchers given by the trustee of all
common school districts of the county and
shall inquire into the correctness of same."

"Art. 1654. All reports of collections of money for the county required to be made to the commissioners court shall also be carefully examined and reported on by him. He shall at least once in each quarter check the books and examine all the reports of the tax collector, the treasurer and all other officers, in detail, verifying the footings and correctness of same, and shall stamp his approval thereon, or note any differences, errors or discrepancies. He shall carefully examine the quarterly report of the treasurer, of all the disbursements, together with the canceled warrants which have been paid, and shall verify the same with the register of warrants issued as shown on the books of the auditor."

"Art. 1656. He shall prescribe and prepare the forms to be used by all persons in the collection of county revenues, funds, fees and all other moneys, and the mode and manner of keeping and stating their accounts, and the time, mode and manner of making their reports to the auditor, also the mode and manner of making their annual report of office fees collected and disbursed, and the amount refunded to the county in excess of those allowed under the general fee bill law. He shall have power to adopt and enforce such regulations not inconsistent with the constitution and laws, as he may deem essential to the speedy and proper collection, checking and accounting of the revenues and other funds and fees belonging to the county.

"Art. 1664. He shall keep a general set of books showing all the transactions of the county relating to accounts, contracts, indebtedness of the county, and its receipts and disbursements of all kinds, and shall make tabulated reports of said funds and accounts for each regular meeting of the commissioners court."

Since the Superintendent of the county hospital is the chief officer of the hospital and is charged with the duty of collecting funds and making purchases, together with many other duties, and in view of the

Hon. W. P. Herms, Jr., page 6  (V-1100)

above quoted statutes, it is believed that it is the duty of the County Auditor to install an accounting system for such a hospital as he would for any other county office or department.

Your second and third questions are as follows:

"Whether or not it is necessary to advertise for bids for purchase of materials and supplies in excess of $150.00.

"Whether or not County Auditor has authority to require requisitions filed with him for purchase of supplies, etc., by superintendent."

Article 1659, V.C.S., reads as follows:

"Supplies of every kind, road and bridge material, or any other material, for the use of said county, or any of its officers, departments, or institutions must be purchased on competitive bids, . . . In cases of emergency, purchases not in excess of one hundred and fifty dollars may be made upon requisition to be approved by the commissioners court, without advertising for competitive bids."

Article 1661, V.C.S., provides:

"He shall not audit or approve any such claim unless it has been contracted as provided by law, nor any account for the purchase of supplies or materials for the use of said county or any of its officers, unless, in addition to other requirements of law, there is attached thereto a requisition signed by the officer ordering same and approved by the county judge. Said requisition must be made out and signed and approved in triplicate by the said officers, the triplicate to remain with the officer desiring the purchase, the duplicate to be filed with the county auditor, and the original to be delivered to the party from whom said purchase is to be made before any purchase shall be made. All warrants on the county treasurer, except warrants for jury service, must be countersigned by the county auditor."

Hon. W. P. Herms, Jr., page 7 (V-1100)

The pertinent part of Section 2 of Article 2368a, V.C.S., provides:

"No county, acting through its Commissioners Court, and no city in this State shall hereafter make any contract calling for or requiring the expenditure or payment of Two Thousand ($2,000.00) Dollars or more out of any fund or funds of any city or county or subdivision of any county creating or imposing an obligation or liability of any nature or character upon such county or any subdivision of such county, or upon such city without first submitting such proposed contract to competitive bids. . . ."

It is noted that Article 4485 provides that the Superintendent of the county hospital "shall purchase all necessary supplies, not exceeding the amount provided for such purposes by the commissioners court."

Articles 1659 and 2368a have reference to those purchases to be made by the Commissioners' Court.

In 2 Sutherland, Statutory Construction (3rd Ed. 1943) 541-543, it is stated:

"General and special acts may be in pari materia. If so, they should be construed together. Where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is any conflict, the latter will prevail, regardless of whether it was passed prior to the general statute, unless it appears that the legislature intended to make the general act controlling."

In Fortinberry v. State, 283 S.W. 146 (Tex. Comm.App. 1926) it was held that a specific statute which declared that no person shall be eligible to the office of mayor unless he possesses the qualifications of an elector and shall have resided twelve months next preceding the election within the limits of the city would control a general statute that no person shall be eligible to any State, county, precinct or municipal

office in this State unless he shall have resided in this State for a period of twelve months and <u>six months</u> in the county, precinct or municipality in which he offers as a candidate next preceding the election. This case quotes as its authority the following language in <u>Cole v. State</u>, 106 Tex. 472, 476, 170 S.W. 1036, 1038 (1914):

"... With one statute negative in character, and relating to particular classes of cases over which a certain jurisdiction is directly denied, and another statute affirmative, and defining that jurisdiction in general terms, no doubt can be indulged as to the construction to be applied. In such a case the question of an implied repeal of the particular statute is not to be seriously considered. It will be construed as constituting an exception to the general statute, under the settled rule, though the language of the latter is, literally, broad enough to include that to which its negative provisions apply. In this manner both statutes will be given effect, and each allowed its appropriate field of operation. ..."

Also, in <u>Townsend v. Terrell</u>, 118 Tex. 463, 467, 16 S.W.2d 1063, 1064 (1929) the court said:

"... It is only where acts are so inconsistent as to be irreconcilable that a repeal by implication will be indulged. If there exists such conflict, then there is a presumption of the intention to repeal all laws and parts of laws in conflict with the clear intention of the last act. This is necessarily true where both acts cannot stand as valid enactments.

"This rule of construction has found frequent and apt illustration where one of the supposedly conflicting statutes was general in its terms and the other specific. In such a case it is universally held that the specific statute more clearly evidences the intention of the Legislature than the general one, and therefore that it will control. In such a case both statutes are permitted to stand - the general one applicable

to all cases except the particular one embraced in the specific statute. . . ."

Applying the principle announced in the above quoted cases to the instant case, it is not believed that the Legislature intended that county hospitals be subject to the provisions of Articles 1659, 1661, and 2368a inasmuch as the entering into contracts and the expending of funds which have been provided for hospital use has been delegated to the Superintendent with the consent of the board of managers.

You are therefore advised in answer to your second question that the provisions of Articles 1659 and 2368a, or any other statute, do not require the Superintendent of a county hospital to advertise for competitive bids before making purchases of materials and supplies for the hospital in excess of $150.00 nor before entering into contracts in excess of $2,000.00. Atty. Gen. Op. V-683 (1948).

For the same reason we do not believe that the County Auditor has authority to require requisitions to be filed with him under the provisions of Article 1661 or any other statute, and we therefore answer your third question in the negative.

By your fourth and fifth questions you ask to whom the term "county collector" as used in Article 4485, V.C.S., refers, and also what are the general duties of a County Auditor with reference to a county hospital.

Article 1709, V.C.S., provides:

"The county treasurer shall receive all moneys belonging to the county from whatever source they may be derived, and pay and apply the same as required by law, in such manner as the commissioners court of his county may require and direct."

We are in accord with the opinion of the County Attorney that the term "county collector" as used in Article 4485 has reference to the County Treasurer.

In view of the foregoing, it is our opinion that the general duties of the County Auditor in regard to auditing county hospital accounts are, in the main, the same as those in regard to any other county office.

698

Hon. W. P. Herms, Jr., page 10   (V-1100)

## SUMMARY

It is the duty of the County Auditor to install an accounting system for a county hospital, and his duties in regard to auditing the hospital accounts are in general the same as those in regard to any other county office.

The Superintendent of a county hospital is not required to advertise for competitive bids before making purchases of material and supplies for the hospital, nor does the County Auditor have authority to require the Superintendent to file requisitions with him for the purchase of such supplies.  Art. 4485, V.C.S.

The term "county collector" as used in Article 4485, V.C.S., has reference to the County Treasurer.  Art. 1709, V.C.S.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

BA:mf:mw

Yours very truly,

PRICE DANIEL
Attorney General

By   Bruce Allen
     Assistant