

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

WAGGONER CARR
ATTORNEY GENERAL

June 13, 1966

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. C- 708

Re: When, under Section 2(b)
of Article 2688L, Vernon's
Civil Statutes, the abolish-
ment of the office of County
Superintendent becomes ef-
fective, do Articles 2701
and 3888, Vernon's Civil
Statutes, apply:  1.  To
constitute the County Judge
as ex-officio County Super-
intendent and related ques-

Dear Dr. Edgar:                    tions.

By recent letter you have requested an opinion in
regard to the above stated matter.  We quote from your letter
as follows:

"   . . .

"Presently, we are concerned with Section
2(b), Article 2688L, (H.B. 412, 59th Legislature,
R.S., 1965) which by bracketing applies to Childress
County.  The Office of County Superintendent is
abolished by that section, effective upon the
expiration of the present county superintendent's
term of office--which is December 31, 1966, no
vacancy occurring.

"   . . .

"In the county preparation and necessary
approval by this Agency of the 1966-67 County
Administration budget for Childress County
(financed by State Available School Funds),
we need to know and would appreciate receiving
an opinion from your Office on the following:

"When, under Section 2(b) of Article 2688L
the abolishment of the office of county superin-
tendent becomes effective, do Articles 2701 and
3888 apply:

"1. To constitute the county judge as
ex-officio county superintendent.

"2. To determine salary of the ex-officio
county, and an assistant ex-officio
superintendent, if any.

"3. To determine an office and travel ex-
pense allowance for ex-officio county
superintendent.

"4. Or: Shall the county judge alone serve
as ex-officio county superintendent
without salary and without office and
travel expense allowance, as such."

Section 2(b) of Article 2688L, Vernon's Civil Statutes,
is quoted as follows:

"(b) The office of county superintendent
in all counties having a population of not less
than 8,399 nor more than 8,422 according to the
last Federal Census is abolished. The office
shall be abolished upon the expiration of the
present county superintendent's term of office."

Standing alone, all this Section does is abolish the
office of County Superintendent in Childress County, at the ex-
piration of the present incumbent's term. However, Section 3 of
Article 2688L, Vernon's Civil Statutes, should be taken into con-
sideration, and is quoted as follows:

"The county superintendents holding office
in the counties included in this Act on the ef-
fective date of this Act shall serve until the
expiration of the term for which they were
elected. However, if a vacancy occurs before
the expiration of the term, the office of county
superintendent shall cease to exist and the
duties of the office shall be performed by the
county judge as ex-officio county superintendent
after that time." (Emphasis added)

Clearly, this Section provides for the duties of the
county superintendent to be placed upon the county judge in the
counties covered by the act, including Childress County, if a
vacancy occurs before the expiration of the present term. Under
the prior law if a vacancy occurred another individual was elected
by the voters to fill out the unexpired term. Attorney General's

Opinion No. C-321 (1964) discusses this problem.

Additional facts submitted by your office, and from the County Attorney of Childress County, Hon. Clarence L. Darter, show that Childress County has no common school districts and has one county-wide independent school district. Article 2688L, the article in question, abolished the office of County School Superintendent, but nothing is said concerning the County School Board in Childress County.

In the same session of the Legislature (1965), Article 26881-1, Vernon's Civil Statutes, was enacted and is quoted, in part, as follows:

"Section 1. This Act applies to a county

"(1) if the office of county superintendent and the county school board has been abolished in the county, and

"(2) if the county has one county-wide independent school district and no common school district.

"Sec. 2. The office of ex-officio county superintendent is abolished upon the effective date of this Act."

In order for the above statute to apply to any county, four conditions must be met. (1) The office of county superintendent must be abolished by the Legislature, or the voters. (2) The County School Board must be abolished by the Legislature, or the voters. (3) The county must have no common school districts. (4) The county must have one county-wide independent school district.

Childress County has met conditions (1), (3) and (4), but the County School Board is still legally in existence, therefore, it is our opinion that Article 26881-1 does not apply to Childress County.

Article 2701, Vernon's Civil Statutes, provides for an ex-officio superintendent in counties which do not have a county superintendent. Article 2701, Vernon's Civil Statutes, is quoted, in part, as follows:

"In each county having no school superintendent, the county judge shall be ex-officio county superintendent and shall perform all the

Hon. J. W. Edgar, page 4 (C-708)

duties required of the county superintendent in
this chapter. . . .The county board shall name
or appoint an assistant to the ex-officio county
superintendent. . .The salary of the ex-officio
superintendent . . .the salary of the assistant
. . .and the office and traveling expenses . . .
in all counties in Texas shall be from and after
September 1, 1947, paid from the State and County
Available School Fund. . . ." (Emphasis added)

It is our opinion, based upon the language of Article
2701 and the relevant sections of Article 2688L (quoted above),
that it was the intent of the Legislature to constitute the County
Judge of Childress County as ex-officio county superintendent
when the present county superintendent's term expires, or sooner,
if a vacancy occurs. Obviously the Legislature was aware of
Article 2701 when it enacted Article 2688L. The Legislature in
enacting, amending, or repealing a statute, may be presumed to
have known or was familiar with existing statutes. Cain v.
State, 20 Tex. 355 (1857); Cole v. State, 106 Tex. 472, 170
S.W. 1036 (1914).

Question number 1 (above) must therefore be answered
in the affirmative. An analysis of Article 3888, Vernon's
Civil Statutes, must be made in order to answer the second and
third questions.

Article 3888, Vernon's Civil Statutes, is quoted, in
part, as follows:

"In a county where the county judge acts
as ex-officio county superintendent . . .he
shall receive . . .in addition to all other
compensation . . .not more than two thousand
six hundred ($2,600.00) dollars a year . . .
In such a county an ex-officio assistant super-
intendent . . .shall receive not more than two
thousand, six hundred ($2,600.00) dollars a year
as the county board of school trustees . . .may
provide.

"The county judge while acting as ex-officio
county superintendent . . .for office and traveling
expenses may receive an amount not to exceed one
thousand, fifty ($1,050.00) dollars a year, as
the county board of trustees . . .may provide."

Article 3888 has been held by this office to apply to
Section 1(b) of Article 2688e, Vernon's Civil Statutes, where

the Legislature did not specifically set out the salary, etc., for an ex-officio county superintendent, once the office of county superintendent had been abolished by the voters of a county.  Attorney General's Opinion No. C-41 (1963).

This office has also held that it is permissive rather than mandatory for a county school board to name or appoint an assistant ex-officio superintendent, under the terms of Article 2701 or Article 3888, Vernon's Civil Statutes.  Attorney General's Opinion No. V-382 (1947).

Based upon an analysis of Article 3888 and the above prior opinions, it is our opinion that the salary of the ex-officio superintendent and his assistant, if one is appointed by the county board of school trustees, is controlled by Article 3888.  It is our further opinion that Article 3888 controls the amount of office and travel expense of the ex-officio superintendent.

The final question listed above (4) need not be answered in light of the above stated opinions.

### S U M M A R Y

Articles 2701 and 3888, Vernon's Civil Statutes, apply to Section 2(b) of Article 2688L, when the abolishment of the office of county superintendent becomes effective.

Very truly yours,

WAGGONER CARR
Attorney General

James C. McCoy
Assistant

JCMcC:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Robert Flowers
Phillip Crawford
Gordon Cass

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright