

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 8, 1975

The Honorable Lynn Cooksey
Criminal District Attorney
Bowie County
412 Texas Boulevard
Texarkana, Texas 75501

Opinion No. H-711

Re: Whether there is an office of
District Attorney for the Fifth Judicial
District.

Dear Mr. Cooksey:

You request our opinion on whether a recent amendment to article 322, V. T. C. S., has the effect of creating the office of District Attorney for the Fifth Judicial District. This office was expressly abolished as of January 1, 1969, on the creation of the office of Criminal District Attorney for Bowie County by section 8 of article 326 k-58, V. T. C. S.

The amendatory Act in question is Senate Bill No. 574, Acts 1975, 64th Leg., ch. 378, p. 983. The title to this Act states only that it is "An Act amending Article 322, Revised Civil Statutes of Texas, 1925, as amended. . . ."

Article 322, V. T. C. S., provides for the election of a District Attorney in 44 numbered judicial districts and for the election of a Criminal District Attorney in several named counties. The 1975 amendment republished the entire article but the only change consisted of the deletion of the name of Harris County from the list of counties which are to elect a Criminal District Attorney.

The paramount rule in construing a statute is to ascertain and give effect to the intention of the Legislature. Dolan v. Walker, 49 S. W. 2d 695, 697 (Tex. Sup. 1932). The issue here is whether the Legislature, by re-enacting and publishing at length the entire article amended pursuant to the requirements of article 3, section 36 of the Texas Constitution, intended to re-establish an office which has been expressly abolished by another statute, thereby impliedly repealing section 8 of article 326 k-58, V. T. C. S.

The only legislative intent discernible from the title and actual change made by the 1975 amendment of article 322, V. T. C. S., is an intent to delete Harris County from the list of counties which are to elect Criminal District Attorneys.

Repeals by implication are never favored and the Legislature is presumed to know of an existing law on the same subject, and when the later act is silent as to the older law, in this case section 8 of article 326 k-58, V. T. C. S. , the presumption is that its continued operation was intended, unless they present a contradiction so positive that the purpose of repeal is manifest. Cole v. State ex rel Cobolini, 170 S. W. 1036, 1037 (Tex. Sup. 1914).

In our opinion, the Legislature did not intend to re-establish the office of District Attorney of the Fifth Judicial District by its amendment of article 322 and the reference to that nonexistent office was inadvertent. See Attorney General Opinion H-687(1975). The express abolition of the office by section 8 of article 326 k-58, V. T. C. S. , is the clearest evidence of the Legislature's intent on the subject and must prevail. 53 Tex. Jur. 2d Statutes § 161.

## SUMMARY

There is no office of District Attorney
in the Fifth Judicial District.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: