

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL.

June 22, 1976

The Honorable Fratis L. Duff
Director
Texas Department of Health
    Resources
1100 West 49th Street
Austin, Texas  78756

Opinion No. H-839

Re:  May renewal fees
under the Texas Sanitarian
Act be increased to more
than $10.00.

Dear Dr. Duff:

You have asked if the State Board of Health has the
authority to raise the annual renewal fee for professional
sanitarian licenses above $10.00 if a lower fee is no longer
adequate to cover the administrative costs of the Department
of Health Resources.

There are two pertinent sections of the Texas Sanitarian
Registration Act, article 4477-3, V.T.C.S.  They read:

> Section 6.  Every professional
> sanitarian registered under the provisions
> of this Act who desires to continue in the
> field of sanitation shall annually pay to the
> Board a fee to be fixed by the Board for the
> annual renewal of each license, but the
> fee for renewal of license shall not be
> fixed in excess of Ten Dollars ($10.00). . . .
>
> . . .
>
> Section 8 (c).  All expenses necessary to
> administering the provisions of this Act shall
> be paid out of the special Sanitarians Regis-
> tration and License Fund, mentioned under
> Subsection (b) above, so that the passage of
> this Act shall never become a financial
> burden or obligation to the State of Texas.

> If the fees and charges set out herein prove
> to be inadequate to pay all costs created by
> this Act, the Board is hereby authorized
> to increase such fees and charges in such
> amount as will make the administration of
> the Act financially self-supporting without
> incurring any new or additional financial
> obligation to the State of Texas.

Courts will endeavor to harmonize and reconcile various provisions of the same statute. Cole v. State, 170 S.W. 1036 (Tex. Sup. 1914); 53 Tex.Jur.2d, Statutes § 100. Both sections of this Act were passed at the same time and neither has been amended since its original passage. A statute should be construed as understood at the time of its passage. Railroad Commission of Texas v. Texas and New Orleans R.R. Co., 42 S.W.2d 1091 (Tex. Civ. App. -- Austin 1931, writ ref'd). A cardinal rule in statutory construction is that the statute should be given the effect and scope intended by the Legislature. 53 Tex.Jur.2d, Statutes § 125 and cases cited therein.

It seems apparent that at the time of the passage of this Act the feeling of the Legislature was that a $10 annual renewal fee would be sufficient to administer the Act. Section 8(c) of the Act expresses the legislative intent that the "passage of this Act shall never become a financial burden or obligation to the State of Texas." (Emphasis added). In order to carry out this expressed intent the Legislature authorized the Board to increase the fees "in such amount as will make the administration of this Act financially self-supporting without incurring any new or additional financial obligations to the State of Texas."

In our view, sections 6 and 8(c) of the Act must be read together, and are not in irreconcilable conflict. The overall expressed intent of the Legislature is that the administration of the Act should be financially self-supporting, and in view of the expression of the Texas Department of Health Resources that inflationary pressures have made it impossible to administer the Act under the $10 ceiling, an increase above $10 is in our opinion authorized by the statute so long as such increase is reasonable.

### S U M M A R Y

Where it is impossible to administer the
Texas Sanitation Act without increasing the
certificate renewal fee to more than $10.00,
the State Board of Health is authorized to
increase the fee to a reasonable amount
above that figure.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb