## BURKHART v. BRAZOS RIVER HARBOR NAV. DIST. OF BRAZORIA COUNTY et al.

### No. 9592.

Court of Civil Appeals of Texas. Galveston. July 16, 1931.

W. S. Sproles, of Angleton, for appellant.

Rucks & Enlow, of Angleton, for appellees.

LANE, J.

On the 19th day of February, 1925, the Thirty-Ninth Legislature of this state, by virtue of section 59, article 16, of the state Constitution, passed an act authorizing the creation within this state of districts to be known as navigation districts. Such act specially provides for the development and improvement of navigation of the inland and coastal water of the state.

By section 29 of such act (Acts 39th Leg. [1925] c. 5), now article 8263, Revised Statutes of 1925, it is provided as follows: "The navigation board of said district shall provide all necessary additional books for the use of assessors and collectors of taxes and the clerk of the commissioners' court of jurisdiction for said navigation districts. The tax assessors of each county in said navigation district, when ordered to do so by the commissioners' court having jurisdiction of said district, shall assess all property within said navigation district which is located in his county and list the same for taxation in the books or rolls furnished him for said purposes, and return said books or rolls at the same time when he returns the other books or rolls of the State and county taxes for correction and approval to the commissioners' court of his county, and if said court shall find said books or rolls correct· they shall approve the same, and in all matters pertaining to the assessment of property for taxation in said district, the tax assessors and boards of equalization of the counties in which said district is located shall be authorized to act and shall be governed by the laws of Texas for assessing and equalizing property for State and county taxes, except as herein provided. * * * The tax assessors shall receive for such services such compensation as the said navigation and canal commissioners shall deem proper; provided that said county assessors shall in no event be allowed more than they are now allowed for like services. Should any tax assessor fail or refuse to comply with the orders of said commissioners' court requiring him to assess and list for taxation all the property in such navigation district, as herein provided, he shall be suspended from the further discharge of his duties by the commissioners' court of his county, and he shall be removed from office in the mode prescribed by law for the removal of county officers."

Under and by virtue of the provisions of said act, Brazos river harbor navigation district of Brazoria county was duly created in Brazoria county. R. G. Burkhart, tax collector of Brazoria county, was ordered by the commissioners' court of said county to assess all property within said navigation district and list the same for taxation in books or rolls furnished him for such purpose, for the years 1927, 1928, and 1929. Burkhart performed the duties imposed upon him by virtue of the act mentioned and the order of said commissioners' court, and for such service he made the following charges against the Brazos river harbor navigation district:

For the year 1927................. $1,775.97
For the year 1928................. 1,817.97
For the year 1929................. 1,774.71

A total of........................ $5,868.65

Burkhart made such charges and claims such sums were due him by virtue of the provisions of article 3937 of the Revised Civil Statutes of 1925, passed by the Thirty-Ninth

Legislature March 30, 1925 (chapter 150), which, among other things, provides as follows: "For assessing the taxes in all drainage districts, road districts, or other political subdivisions of the county, the assessor shall be paid three-fifths (3/5) of one cent for each one hundred ($100.00) dollars of the assessed values of such districts of [or] subdivisions."

The navigation commissioners allowed Burkhart the sum of $60 per month for the time he served in making the assessments mentioned, amounting to the sum of $2,160; said commissioners deeming such compensation to be proper compensation as provided by section 29 of article 8263, hereinbefore quoted.

Upon the payment to him of the said sum of $2,160 and the refusal of the commissioners to pay more, Burkhart brought this suit against Brazos river harbor navigation district of Brazoria county, hereinafter referred to as the navigation district, the county commissioners, the commissioners of the navigation district, and the county treasurer, to recover the sum of $3,208.65, same being the difference between the sum claimed by him and that allowed him.

The plaintiff alleged that section 29 of article 8263, under which the defendants claimed authority to use their discretion in fixing the compensation of the tax assessors at such sum as they deemed proper, is in violation of section 1, Amendment 14, of the Constitution of the United States, and also the following sections of the state Constitution, to wit, section 19, article 1, section 1, article 2, section 13, article 1, section 17, article 1, and section 44, article 3.

As an alternative plea, plaintiff alleged that his services were reasonably worth the sum of $5,368.65, and prayed that he have judgment for such sum, less the sum theretofore paid to him.

Plaintiff also alleged that he was paid less than the law provides for him, and that other officers of the county were paid more than the law provides for them, and that the commissioners thereby displayed favoritism to one officer and hostility to another. He also alleged that, while the law requires the navigation and canal commissioners to make an annual report to the commissioners' court, such commissioners, though they have been in office more than four years, have never made but one report to said court, and that one was not in compliance with the law, in that it did not itemize the amount of money received and paid out by the district.

In answer to plaintiff's petition, defendants demurred generally, and specially excepted to so much of said petition as alleged hostility on the part of the commissioners to plaintiff and favoritism to others, and to so much thereof as complains of the failure of the navigation and canal commissioners to make annual reports, as the law requires; in that such allegations are wholly irrelevant and immaterial to any issue in the cause. Further answering, defendants denied generally, and specially pleaded as follows: "And further answering herein, if required, defendants allege that they paid to plaintiff the sum of Sixty ($60.00) Dollars per month for his services in assessing the taxes for said Navigation District for the years mentioned in plaintiff's petition; that said compensation is a fair, adequate and proper compensation for the services rendered by plaintiff in that behalf; that plaintiff received for his services for assessing State and County, drainage district, road district, school district, and navigation district taxes for the said years 1927, 1928, and 1929, the approximate net sum of $7,000.00 per annum, and that said compensation is and was wholly adequate and sufficient for all of the services rendered by plaintiff as assessor of taxes for all purposes in said County, and defendants allege that plaintiff has been generously compensated for his services in assessing taxes in Brazoria County for said years."

The court sustained defendants' general and special exceptions to the plaintiff's petition, and, upon plaintiff's refusal to amend, the court rendered judgment dismissing plaintiff's suit. R. G. Burkhart has appealed.

Appellant insists that the judgment should be reversed, in that the court erred in sustaining defendants' exceptions, general and special, because article 3937, Revised Civil Statutes of 1925, fixing the compensation of county assessors, repeals that portion of section 29 of article 8263 of said statutes upon which the trial court relied in support of the judgment rendered, the pertinent part of which reads as follows: "The tax assessors shall receive for such services such compensation as the said navigation and canal commissioners shall deem proper; provided that said county assessors shall in no event be allowed more than they are now allowed for like services."

We overrule appellant's contention. The provisions of article 3937, in our opinion, do not expressly nor impliedly repeal section 29 of the Navigation District Statute, nor any other part thereof. It makes no reference whatever to section 29, or any part of the Navigation Act. Article 3937 is an amendment of article 3871, Rev. St. 1911, and is a part of the general statute fixing generally the fees to be paid officers. It does not by its express or implied terms include navigation districts. It makes no reference to such districts. It fixes the compensation for assessing the taxes in drainage and road districts and other political subdivisions of the county in which said districts and subdivisions lie. The Navigation Act does not confine navigation districts to a county. They are not necessarily a district or subdivision of a county. They may or may not include within their bound-

aries and limits the whole or parts of two counties, villages, towns, cities, road districts, drainage districts, and other improvement districts, and municipal corporations of any kind, or of parts thereof. In other words, article 3937 is a general statute, whereas section 29 of the navigation district act is a part of a particular and complete act of the Legislature in reference to the creation, government, and operation of navigation districts alone. Under the provisions of said act, a navigation district may include as much as two counties and embrace and duplicate every sort of municipal and political subdivision of the county or counties. The wisdom of placing the authority in the navigation and canal commissioners to fix the compensation of the treasurer or treasurers of such navigation district is at once apparent, as the circumstances of each particular district may be entirely different, and it is wisely left to the discretion of the navigation and canal commissioners to fix the compensation of the assessor for such services.

. The Navigation Act authorizes the creation of navigation districts for the purpose of making improvements for the navigation of inland and coastal waters, for the preservation and conservation of inland and coastal waters for navigation, and for other purposes in aid of navigation, etc. Such act confers upon the navigation and canal commissioners authority to exercise such rights, privileges, and functions as may be essential to the accomplishment of the purposes of its creation, thus clearly showing that navigation districts under the act are more comprehensive than mere political subdivisions of the county and not necessarily included within such term.

Article 3937, chapter 150, and the Navigation Act, chapter 5, were enacted at the same session of the same Legislature and were carried forward in the codification of the laws of Texas for 1925 at the same session of the Legislature. The Codification Act became effective September 1, 1925, which was subsequent to the time article 3937 became effective.

■■ The doctrine that implied repeals are not favored is an established rule in the construction of statutes, and, likewise, a subsequent act, treating a subject in general terms, and not expressly contradicting the provisions of a prior special statute, is not to be considered as intended to affect the more particular and specific provisions of the earlier act, unless it is absolutely necessary so to construe it in order to give its words any meaning at all.

In Cole v. State ex rel. Cobolini, 106 Tex. 472, 170 S. W. 1036, 1037, the Supreme Court, speaking through Justice Phillips, uses this language:

"Repeals by implication are never favored. Laws are enacted with a view of their permanence, and it is to be supposed that a purpose on the part of the lawmaking body to abro-

gate them will be given unequivocal expression. Knowledge of an existing law relating to the same subject is likewise attributed to the Legislature in the enactment of a subsequent statute; and when the later act is silent as to the older law, the presumption is that its continued operation was intended, unless they present a contradiction so positive that the purpose to repeal is manifest. To avoid a state of conflict an implied repeal results where the two acts are in such opposition. But the antagonism must be absolute— so pronounced that both cannot stand.

"Though they may seem to be repugnant, if it is possible to fairly reconcile them, such is the duty of the court. A construction will be sought which harmonizes them and leaves both in concurrent operation, rather than destroys one of them. If the later statute reasonably admits of a construction which will allow effect to the older law and still leave an ample field for its own operation, a total repugnance cannot be said to exist, and therefore an implied repeal does not result, since in such case both may stand and perform a distinct office. Especially will this construction be adopted where the older law is particular and expressed in negative terms, and the later statute is general in its nature. In such instances that to which the older law distinctly applied its negative provisions will be regarded as excepted from the operation of the more general statute. These are but the familiar rules of construction to be applied where the implied repeal of a law is involved."

This case is cited with approval in Fortinberry v. State (Tex. Com. App.) 283 S. W. 146, where many authorities are reviewed.

There is no inconsistency and no repugnancy between article 3937 and section 29 of the Navigation Act. The one applies generally within its scope, which is broad in its application, and the other applies particularly to navigation districts, which may include as much as two counties and which are controlled by conditions peculiar to them. Both acts were passed by the same session of the Legislature, and both brought forward in the compiled statutes of the same Legislature, clearly demonstrating a legislative intent that both acts should be preserved.

■ Appellant contends that so much of the Navigation Act as provides that the tax assessor shall receive for his services in assessing property within a navigation district such compensation as the navigation and canal commissioners shall deem proper is unconstitutional and void; that so much thereof as provides for the forfeiture by the assessor of his office, in the event he should fail to assess the property of the navigation district, when ordered so to do by the commissioners' court, is unconstitutional and void; and that section 29 of said Navigation Act is unconstitutional and void, in that it provides for the

taking and applying to public use property of an assessor without his consent.

We overrule all of such contentions.

The Constitution of Texas, article 3, § 44, provides that the Legislature shall provide by law for compensation of public officials, and the provisions of section 29 of the navigation acts, authorizing the navigation and canal commissioners to fix the compensation of the assessor for assessing navigation district taxes at an amount which they deem proper, but in no event to exceed the amount now allowed the assessor for like services, does not grant to them judicial or legislative authority, but only administrative and ministerial duties in carrying out the provisions of said act.

There is no merit in the contention that the act provides for the taking of the property of an assessor and applying it to public use without the consent of such assessor. Appellant, as assessor, has no property rights in the office in excess of the compensation provided for him by law, whether such compensation be fixed under the provisions of article 3937, an act providing generally for the fees of officers, or under the provisions of section 29 of the Navigation Act, which applies particularly to navigation districts.

We have reached the conclusion that the judgment should be affirmed, and it is so ordered.

Affirmed.