# Jones v. Jones.

October 8, 1946.

B. J. Bethurum and E. Bertram for appellant.

Duncan & Duncan for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Margaret and Frank Jones were married in 1938. They made their home in Wayne County, where Mr. Jones operated his father's farm. The couple have no children. Mrs. Jones' mother made her home with them part of the time. She had been there about a year prior to June, 1944, when she and her daughter went to California. Mrs. Jones had said nothing to her husband about going. She was not in good health and it had been her custom to go away for a few months every year. However, she admits leaving him a note stating her reason for leaving him. Mrs. Jones said that she wanted a divorce and the restoration of her maiden name. She took with her some of her household belongings. When she gave her deposition she said the things she took belonged to her personally.

After Mrs. Jones had been away for a year Mr. Jones instituted this action seeking a divorce on the ground of abandonment. Mrs. Jones returned to Wayne County and sought a divorce and alimony on the charge of cruel and inhuman treatment. The chancellor awarded Mr. Jones a divorce.

On this appeal Mrs. Jones is insisting she was entitled to a divorce, and, therefore, there should have been an award of alimony. There was no charge of immorality on the part of either party while they were living together. Mrs. Jones said, however, that her husband was stingy and was always slow in paying his bills, and that her mother gave her most of her clothing. She said that he did not treat her right and that he would not tell her anything about his business. She said also that he frequently went to lodge meetings and to town on Saturday night, and on one occasion he stayed out all night on a fishing trip and when he returned she smelled whiskey on his breath. Jones admitted that he took a drink from time to time, but denied getting drunk. Mrs. Jones admitted also that she took an occasional drink.

Mrs. Jones said that, when she returned from California, Mr. Jones would not let her in the house. A few days later she went there in his absence and found some cosmetics and women's wearing apparel. Mr. Jones gave a plausible explanation of how these articles happened to be in his home, but, as we view the case this evidence has nothing to do with Mrs. Jones' abandoning her husband in 1944, since she left home of her own accord and is seeking a divorce on the basis of cruel and inhuman treatment. As we view the evidence, we fail to see how it can be earnestly insisted that Mrs. Jones was justified in abandoning her husband on the basis of cruel and inhuman treatment, so we think the chancellor was warranted in granting Mr. Jones a divorce.

Judgment affirmed.