

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 7, 1950

Hon. J. M. Williams
County Auditor
Tarrant County
Fort Worth, Texas

Opinion No. V-1016.

Re: Compensation of County Tax
Assessor-Collector for assess-
ing and collecting taxes for
Water Control and Improve-
ment District.

Dear Sir:

You have requested the opinion of this office as to the
amount of compensation which should be paid the Tax Assessor and
Collector of Tarrant County for assessing and collecting taxes for
Tarrant County Water Control and Improvement District No. 1.
From the correspondence, brief and opinion which have been sub-
mitted in connection with your request we have gathered the follow-
ing facts. On February 10, 1949, pursuant to the provisions of Ar-
ticle 7880-33, V.C.S., Tarrant County Water Control and Improve-
ment District No. 1 entered into a contract for assessing and col-
lecting the District's taxes. Under the terms of the contract the
Assessor-Collector of Tarrant County was to assess and collect
the taxes due the District for the years 1949 and 1950. He was to
be paid the maximum amount permitted by Article 7880-33, being
$1,800 per year for the assessment of taxes and $1,500 for collect-
ing and accounting for said taxes. In making remittance to the Dis-
trict of taxes collected up to the date of such remittance, the Asses-
sor-Collector deducted therefrom the rates of compensation pro-
vided by Articles 3937 and 3939, V.C.S., instead of the rates provid-
ed by the contract, on the assumption that the amendment of these
two articles by the 51st Legislature had the effect of changing the
amount of compensation to which he was entitled. The amount so
withheld exceeds the amount due under the contract by $1,116.93.
You request our opinion as to the legality of the Assessor-Collec-
tor's action in withholding this additional amount.

Senate Bill 211, Acts 51st Leg., R.S. 1949, ch. 448, p.
829, made several changes in Articles 3937 and 3939. The amount
of compensation previously allowed by these articles respectively
for assessing and collecting State and county taxes was increased;
however, there was no increase in the amounts provided for assess-
ing and collecting taxes in "all drainage districts, road districts,
or other political subdivisions of the county." Nevertheless, it is
asserted that the overall purpose of the bill was to increase the com-
pensation of assessors and collectors "in line with almost universal
increase in pay rates for personal services"; that Section 4 of Senate

Bill 211 repeals all laws or parts of laws in conflict therewith; that Article 7880-33 is effectively repealed by Senate Bill 211 and that the Assessor-Collector must be compensated as provided by Articles 3937 and 3939.

In order for Articles 3937 and 3939, either before or after their most recent amendment, to be in any wise applicable or determinative of the amount of compensation to be paid for assessing and collecting the taxes of the Tarrant County Water Control and Improvement District No. 1, such District would have to fall within the provisions for "drainage districts, road districts, or other political subdivisions of the county , . .".

We are of the opinion that neither of these articles is applicable to the Tarrant County Water Control and Improvement District No. 1. The Tarrant County Water Control and Improvement District was organized and functions under the provisions of Chapter 3A, Title 128, V.C.S. These statutory provisions were enacted in pursuance to and in furtherance of Section 59a of Article XVI of the Constitution of Texas which section declares that such districts "shall be governmental agencies and bodies politic and corporate."

In Willagy County Water Control and Improvement Dist. No. 1 v. Abendroth, 144 Tex. 320, 177 S.W.2d 936 (1944), the Supreme Court said (at page 937):

"Irrigation districts, navigation districts, levee and improvement districts, and like political subdivisions created under Section 59a of Article XVI of the Constitution, and statutes enacted thereunder carrying out the purposes of such constitutional provision, are not classed with municipal corporations, but are held to be political subdivisions of the State, performing governmental functions, and standing upon the same footing as counties and other political subdivisions established by law. /Citation of authorities omitted.7" (Emphasis ours.)

We think it plain that since the Tarrant County Water Control and Improvement District No. 1 is a "political subdivision of the State" and "stands upon the same footing as counties" it cannot come within a provision which by its own terms is limited to subdivisions of counties.

The question here presented is closely related to and in many respects identical with the one decided in the case of Burkhart v. Brazoria River Harbor Nav. Dist., 42 S.W.2d 96 (Tex. Civ. App. 1931). It was held in this case that Article 3937 did not im-

Hon. J. M. Williams, Page 3 (V-1016)

pliedly repeal Section 29 of Article 8263, V.C.S., which authorized the navigation and canal commissioners to fix the amount of compensation to be paid for assessing the District's taxes. The court pointed out that Article 3937 is a part of the general statutes fixing generally the fees to be paid officers and fixing the compensation for assessing taxes in political subdivisions of the county; whereas Article 8263, Section 29, was a part of a particular and complete act in reference to the creation, government and operation of navigation districts alone. Such districts, said the court, are not "political subdivisions of the county" and are not included within that term.

In the instant case the Tarrant County Water Control and Improvement District No. 1 is not a "political subdivision of the county"; and the amendment of Articles 3937 and 3939 therefore had no effect on Article 7080-33, which is a part of a particular and complete act in reference to the creation, government and operation of water control and improvement districts. You are therefore advised that the Assessor-Collector is entitled to only such compensation as was expressly stipulated in the contract.

SUMMARY

The amendment of Articles 3937 and 3939, V.C.S., by S.B. 211, Acts 51st Leg., R.S. 1949, ch. 448, p. 829, did not impliedly repeal Article 7880-33, V.C.S., and the Assessor-Collector of taxes for Tarrant County Water Control and Improvement District No. 1 is entitled to only such compensation as was stipulated in the contract executed pursuant to Article 7880-33.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

By Marietta McGregor Creel

Mrs. Marietta McGregor Creel
Assistant

W. V. Geppert
Taxation Division

Charles D. Mathews
Executive Assistant

MMC/mwb