

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 28, 1958

Hon. J. R. Owen
County Attorney
Williamson County
Georgetown, Texas

Opinion No. WW-482

Re: Whether Article 7880-74a
or Articles 3937 and 3939
controls the amount of com-
pensation the Williamson
County Tax Assessor-
Collector is to receive
for assessing and collect-
ing taxes for Brushy Creek
Water Control and Improve-
ment District Number 1 of
Williamson and Milam
Counties on property
located in such district

Dear Mr. Owen:

in Williamson County.

You request the opinion of this office upon the question
presented in your letter of June 23, 1958, which is as fol-
lows:

"Brushy Creek Water Control and Improvement
District No. 1 of Williamson and Milam Counties was
organized a year or so ago, and the Williamson County
Tax Assessor-Collector is assessing and collecting
taxes on property located within such District in
Williamson County, Texas. The question has arisen
as to how much compensation the tax assessor-collector
is to receive for this service.

"Article 7880-74a, V.C.S., provides that the
county assessor and collector, or the city assessor
and collector, shall receive 'one per cent (1%) of
the total taxes shown on the completed roll for
assessing such taxes, and one (1%) per cent for
collecting same.'

"Article 3937, V.C.S., provides that the tax
assessor 'shall be paid three-fifths (3/5) of one
cent (1¢) for each One Hundred ($100.00) Dollars of
the assessed values' for assessing the taxes in water
control and improvement districts and other political

sudivisions of the county.  Article 3939, V.C.S.,
provides that the tax collector 'shall be paid one-
half of one (1/2 of 1%) per cent on all such taxes
collected' for water control and improvement dis-
tricts and other political subdivisions of the county.
Articles 3937 and 3939 did not name 'water control
and improvement districts' among the political
subdivisions listed in such articles until the
last amendment thereto which was by Senate Bill
No. 197, Acts of the 52nd Legislature, Regular
Session, 1951, Chapter 204, page 332.

"Since there is a definite conflict between
the provisions of Article 7880-74a and the provisions
of Articles 3937 and 3939, we hereby request your
opinion as to which of such articles is controlling
on the amount of compensation the Williamson County
Tax Assessor-Collector is to receive for assessing
and collecting taxes for Brushy Creek Water Control
and Improvement District No. 1 of Williamson and
Milam Counties on property located in such district
in Williamson County."

As you point out in your opinion request, Senate Bill
No. 197, Acts of the Fifty-second Legislature, Regular
Session, 1951, Chapter 204, page 332, and Senate Bill
No. 398, Acts of the Fifty-second Legislature, Regular
Session, 1951, Chapter 218, page 348, were finally passed
by the Legislature on the same day, namely May 2, 1951.
It should be observed, however, that Senate Bill No. 197
is a general statute amending Articles 3937 and 3939,
respectively, pertaining to the fees of the Assessor and
Collector of Taxes generally; whereas Senate Bill No. 398
(Article 7880-74a, V.C.S.) is a special statute dealing
specifically with fees of the Assessor-Collector for col-
lecting and assessing the taxes of Water Control and
Improvement Districts.

It is a well-recognized rule of statutory construction
that a special statute will prevail over a general statute
on the same subject.  Burkhart v. Brazos River Harbor Nav.
Dist., 42 S.W. 2d 96 (Tex.Civ.App. 1931); Sam Bassett
Lumber Company v. City of Houston, 145 Tex. 492, 198 S.W.
2d 879.

Applying this rule, Senate Bill No. 398 dealing
specifically and specially with fees to be charged by the
Assessor-Collector for assessing and collecting Water Control
and Improvement District taxes is applicable and not Senate

Hon. J. R. Owen, page 3, Opinion No. WW-482

Bill No. 197 dealing generally with the fees of the Assessor and Collector for assessing and collecting taxes. In other words, the fees provided by Article 7880-74a, V.C.S., are the proper fees for the Assessor-Collector to charge for assessing and collecting the taxes of Brushy Creek Water Control and Improvement District No. 1 of Williamson County.

The final passage of Senate Bill No. 197 and Senate Bill No. 398 was in the House. Said Senate bills were approved by the House, as they came from the Senate, without amendments. Although the bills were passed the same day, Senate Bill No. 398 dealing specifically with the assessment and collection of taxes of Water Control and Improvement Districts was later in time and was passed subsequent to Senate Bill No. 197. Senate Bill No. 398 having been passed later in time than Senate Bill No. 197, although both were passed on the same day, constitutes an additional reason why Senate Bill No. 398 would prevail over Senate Bill No. 197. The passage of the latter in time would prevail over the former to the extent that it may be in conflict with the prior. (House Journal, pp. 2059-2124).

You are therefore advised that the fees provided in Senate Bill No. 398 (Article 7880-74a, V.C.S.) is the governing statute under which the Assessor-Collector of Williamson County is authorized to collect the fees therein provided.

SUMMARY

The Tax Assessor-Collector of Williamson County is authorized to collect the fees for assessing and collecting taxes as provided in Senate Bill No. 398 (Article 7880-74a, V.C.S.), as it is a special statute and prevails over the general statute and was finally passed by the legislature after the passage of Senate Bill No. 197, the general statute.

Very truly yours,

WILL WILSON
Attorney General of Texas

By L. P. Lollar
Assistant

LPL:db
APPROVED:
OPINION COMMITTEE:
J. W. Wheeler, Chairman
Wayland C. Rivers, Jr.
Jot. Hodges, Jr.
Riley Eugene Fletcher
REVIEWED FOR THE ATTORNEY GENERAL
By: W. V. Geppert