

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

March 21, 1975

The Honorable Bob Armstrong
Commissioner
General Land Office
Austin, Texas

Opinion No. H-560

Re: Effect of Open Records
Act on fees charged by the
General Land Office.

Dear Commissioner Armstrong:

You have requested our opinion regarding the fees which the General Land Office may charge for copies of records, and in particular, the possible conflict between article 3918, V. T. C. S., and section 9 of article 6252-17a, V. T. C. S., the Open Records Act.

Article 3918 prescribes a schedule of fees which the Commissioner of the General Land Office is authorized and required to charge for various services. These fees are categorized in the statute as "Filing Fees," "Preparation of Certificate of Fact," "Certified Photostatic Copies," "Maps," "Maps and Sketches," "Spanish Translations," and "Patent and Deed of Acquittance Fees."

Article 6252-17a, the Open Records Act provides, in section 9:

> (a) The cost to any person requesting <u>noncertified</u> photographic reproductions of public records comprised of pages up to legal size shall not be excessive. The State Board of Control shall from time to time determine the actual cost of standard size reproductions and shall periodically publish these cost figures for use by agencies in determining charges to be made pursuant to this Act.

(b) Charges made for access to public records com-
prised in any form other than  up to standard sized
pages or in computer record banks, microfilm records,
or other similar record keeping systems, shall be
set upon consultation between the custodian of the
records and the State Board of Control, giving due
consideration to the expenses involved in providing the
public records making every effort to match the
charges with the actual cost of providing the records.
(Emphasis added)

(c) It shall be the policy of all governmental bodies to
provide suitable copies of all public records within a
reasonable period of time after the date copies were
requested.   Every governmental body is hereby instructed
to make reasonably efficient use of each page of public
records so as not to cause excessive costs for the
resproduction of public records.

(d) The charges for copies made in the district clerk's
office and the county clerk's office shall be as other-
wise provided by law.

. . . .

(f) The charges for copies made by the various
municipal court clerks of the various cities and
towns of this state shall be as otherwise provided
by ordinance.

You ask whether the fee schedules listed in article 3918 are superseded
by section 9 of article 6252-17a, so that the relevant fees must now be
set by the State Board of Control.

The Open Records Act neither expressly repeals nor specifically
alludes to article 3918.  In the absence of an express declaration, an act
should not be regarded as repealed unless repeal can be inferred from the
later statute. Burkhart v. Brazos River Harbor Nav. Dist., 42 S. W. 2d
96 (Tex. Civ. App. --Galveston 1931 no writ); Miller v. Calvert, 418 S. W.
2d 869 (Tex. Civ. App. --Austin 1967 no writ).

Initially, we observe that the Open Records Act clearly does not repeal those schedules of article 3918 styled "Filing Fees, " "Certified Photostatic Copies, " "Preparation of Certificate of Fact, " "Spanish Translations, " and "Patent and Deed of Acquittance Fees, "  These services embrace more than providing uncertified copies of, or access to, public records.  As to them, clearly, the fee schedules of article 3918 are not superseded by article 6252-17a.

Nor do we believe the remaining article 3918 schedules, "Maps" and "Maps and Sketches, " or the "examination of records" provision, were repealed or superseded by article 6252-17a, V. T. C. S.  The "cost" provisions of the Open Records Act are of general applicability, designed to guide agencies where no specific statutory guide exists. Article 3918, V. T. C. S. is a specific statute governing the charges to be made for specific records which were already open to the public prior to the passage of article 6252-17a.  In 53 Texas Jurisprudence, Statutes, § 110, it is said upon excellent authority:

> The enactment of a general law does not ordinarily operate as a repeal of a particular or special law, by implication, though both relate to the same subject matter.  On the contrary, both statutes are permitted to stand, and the general law is applicable to all cases not embraced by the specific act.  In other words, the particular act is construed as constituting an exception to the general law.  This is a settled rule of construction, based on the presumption that a specific statute evidences the intention of the legislature more clearly than a general one, and therefore should control.
>
> A special act is repealed by subsequent legislation that contains an express repealing clause or that otherwise manifests the intention of the legislature to repeal it.  Thus where such a construction is necessary in order to give any meaning to its words, a general act may be construed as repealing more particular and specific provisions of an earlier act.

We think these principles apply to the circumstances you have asked about and that article 3918, V. T. C. S., continues to control the particular matters to which it is addressed. See also 53 Tex. Jur. 2d, Statutes §161.

## SUMMARY

The fee schedule in article 3918, V. T. C. S.,
for services provided by the General Land Office
has not been repealed by section 9 of article 6252-17a,
the Open Records Act.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee