

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 13, 1958

Hon. William A. Harrison
State Board of Insurance
10th and Brazos Streets
Austin, Texas

Dear Sir:

Opinion No. WW-490

Re: Applicability of Texas Busi-
ness Corporation Act or other
general corporate laws to
insurance companies

You have asked our opinion as to whether the Texas Business
Corporation Act[1] is applicable to insurance companies coming within
the purview of Articles 2.18 and 3.69 of the Insurance Code or whether
Title 32, V.C.S., is applicable or whether both are applicable. We
assume that your question is directed to only those insurance companies
that are corporations and this opinion is so limited.

Article 2.18 of the Insurance Code provides:

"The laws governing corporations in general shall apply
to and govern insurance companies incorporated in this State
in so far as the same are not inconsistent with any provi-
sion of this Code. None of the provisions of this Chapter 2
shall apply to insurance companies organized or operating
under the provisions of Chapter 3 or Chapter 11 of this Code,
and Chapters 10, 12, 13, or 14 of this Code."

Article 3.69 of the Insurance Code provides:

"The laws governing corporations in general shall apply
to and govern insurance companies organized or operating un-
der this Chapter 3 in so far as same are not inconsistent
with the provisions of this chapter."

By letter supplementing the opinion request, you have fur-
nished us with the factual situations upon which this request is based.
For clarity and brevity, we have set out at length these situations
in subsequent portions of the opinion captioned "application".

Article 2.18 in its present form and Article 3.69 were en-
acted in 1955 as part of S.B. 12, Acts 54th Leg., R.S. 1955, ch. 363,
p. 916. Article 3.69 is an entirely new legislation; however, Article

---

[1] For brevity's sake the Texas Business Corporation Act will be abbre-
viated throughout this opinion as T.B.C.A.

2.18 contains substantially the same language it did in the 1951 Act codifying the insurance laws. The only change was the addition of the last sentence to Article 2.18. "Words used in the original Act will be presumed to be used in the same sense in the amendment." 82 C.J.S. 899, Statutes, para. 384. Accordingly, the corporate law contemplated and referred to by Article 2.18 prior to the enactment of Senate Bill 12 and the Business Corporation Act in 1955 must necessarily be the general corporate law as it existed prior to the enactment of the T.B. C.A.--i.e., Title 32, V.C.S. There is nothing in S.B. 12 to indicate that the language, "laws governing corporations in general", as it appears in Article 3.69 was intended to refer to a body of law differing from that referred to in the identical language as it appears in Article 2.18 as amended by S.B. 12. Therefore, unless the enactment of the Business Corporation Act changes or modifies the situation, the body of corporate law referred to in Article 3.69 as well as Article 2.18 must be the corporate law existing prior to the enactment of the Business Corporation Act.

The Business Corporation Act does, however, modify the application of Article 2.18 and Article 3.69.

While both the Business Corporation Act and S.B. 12 became effective on the same date--i.e., ninety days from adjournment by the Legislature, the legislative history is significant. The Business Corporation Act was finally passed on March 29, 1955, a day subsequent to the initial Senate passage of S.B. 12. The Business Corporation Act was signed by the Governor on April 15th while S.B. 12 was first passed by the House on May 4, 1955. Thus, at the time of the passage of S.B. 12 the Legislature knew of and had recently passed an Act which was to apply to domestic corporations organized or to foreign corporations being admitted into Texas after its effective date. Presumably, both statutes were actuated by the same legislative policy and intent. They pertain to the same subject matter insofar as Articles 2.18 and 3.69 are concerned and are therefore in pari materia. Accordingly, they should be construed together.

Admittedly, there are limitations upon the applicability of the Business Corporation Act to insurance companies by the terms of the Act itself. Article 2.01B (4) in effect prevents any insurance company from:

(1) Adopting the Business Corporation Act.

(2) Organizing under the Business Corporation Act.

(3) Obtaining authority to transact business in this State in accordance with the procedure prescribed by the T.B.C.A. (This obviously has reference to foreign corporations.)

Article 2.01B (4) does not preclude by its terms the applicability of the T.B.C.A. to insurance companies in those cases in which the Insurance Code is silent, but merely prevents an insurance company from doing one of the three acts mentioned. Since the Insurance Code provides methods for organization of domestic insurance companies, the provisions of the Insurance Code would control the procedure for organization of a domestic insurance company; and since under Articles 2.18 and 3.69 of the Insurance Code the general corporate law controls only when "not inconsistent" with the Insurance Code, the provisions of Articles 2.18 and 3.69 preclude domestic insurance corporations from organizing under the general corporate law, whether that law is found in the Business Corporation Act or in Title 32, V.C.S. In like manner, foreign insurance companies obtain their certificate of authority to transact business in this State in accordance with the procedures set out in the Insurance Code rather than the procedures set out in the general corporate law. Thus, in the absence of the limitations (2) and (3) described above, a domestic corporation could not have organized under the Business Corporation Act nor could a foreign corporation obtain a certificate of authority to do business in this State under the Business Corporation Act. Therefore, these two (2) limitations are not determinative of the question asked. The effect of adopting the Business Corporation Act is that after the adoption, all provisions of the Business Corporation Act apply. (Article 9.14C (4), T.B.C.A.) Such a result when applied to an insurance company would clearly be wholly inconsistent with the regulatory scheme of the Insurance Code. Likewise, this limitation is not determinative of the question.

Article 9.14A, T.B.C.A., provides:

"Art. 9.14. To What Corporations This Act Applies; Procedure for Adoption of Act by Existing Corporations.

"A. This Act does not apply to corporations organized for the purpose of operating banks, trust companies, building and loan associations or companies, insurance companies of every type or character that operate under insurance laws of this State and corporate attorneys in fact for reciprocal or interinsurance exchanges, railroad companies, cemetery companies, cooperatives or limited cooperative associations, labor unions, or abstract and title insurance companies whose purposes are provided for and powers are prescribed by Chapter 9 of the Insurance Code of this State, nor to corporations organized for the purpose of operating nonprofit institutions, including but not limited to those devoted to charitable, benevolent, religious, patriotic, civic, cultural, missionary, educational, scientific, social, fraternal, athletic, or aesthetic purposes; provided, however, that if any of said excepted corporations are hereafter organized under special statutes which contain no provisions

in regard to some of the matters provided for in this Act,
or if such special statutes specifically provide that the
general laws for incorporation shall supplement the pro-
visions of such statutes, then the provisions of this Act
shall apply to the extent that they are not inconsistent
with the provisions of such special statutes." (Emphasis
added.)

Observe that the corporations excepted by the general language
set forth in Article 9.14A, T.B.C.A., from the general applicability
of the Business Corporation Act may, nevertheless, have it supplement
and apply to them under the following conditions:

(1) When the corporation is "hereafter organized".

(2) Under a special statute.

(3) Containing

A. No provisions in regard to some matters provided
in the Business Corporation Act.

B. Or containing a specific provision that the gen-
eral laws for incorporations shall supplement pro-
visions of such statute.

Obviously, the insurance companies referred to in Articles
2.18 and 3.69 meet the third condition. While the term "special" stat-
ute sometimes refers to acts which regulate the rights or interests
of a particular or designated person or which relate to a particular
person or thing of a class as distinguished from an act which applies
uniformly throughout a class (39 Tex.Jur. 29, Stats., Sec. 12), it is
also frequently applied to statutes such as the Insurance Code that
pertain to a limited or subclass of persons or things or corporations.
(This was the sense in which the term, special statute, was used in
the following cases: Flowers v. Pecos River Company, 138 Tex. 18, 156
S.W.2d 260 (1941), and cases therein cited, Townsend v. Terrell, 118
Tex. 463, 16 S.W.2d 1063 (Comm.App. 1929, opinion adopted), Cole v.
State, 106 Tex. 472, 170 S.W. 1036 (1941)) From the reading of the
statute, it can be seen that all of the excepted corporations are gov-
erned by statutes that are "special" in the latter sense. Accordingly,
the term "special" statute as used in Article 9.14, T.B.C.A., must be
used in the same sense so that insurance companies organized after the
effective date of the Business Corporation Act would be a corporation
"hereafter organized under special statutes".

It can therefore be concluded that insurance companies com-
ing within the purview of Articles 2.18 and 3.69 of the Insurance Code
and organized under the Insurance Code after the effective date of the

Business Corporation Act also fall within the proviso to the general exception set forth in Article 9.14A, T.B.C.A.; thus, the Business Corporation Act when not inconsistent with the applicable portions of the Insurance Code governs such of the insurance companies contemplated by Articles 2.18 and 2.69 as are incorporated after the effective date of the Business Corporation Act.

Does the Business Corporation Act in like manner apply to similar foreign insurance companies initially admitted to Texas after the effective date of the Business Corporation Act?

Can a foreign insurance company admitted to do business in Texas come within the purview of Articles 2.18 or 3.69 of the Insurance Code?

Article 21.43 of the Insurance Code states:

"The provisions of this code are conditions upon which foreign insurance corporations shall be permitted to do business within this State, and any such foreign corporation engaged in issuing contracts or policies within this State shall be held to have assented thereto as a condition precedent to its right to engage in such business within this State."

This article governs all foreign insurance companies except those excepted from the provisions of Chapter 21 by Article 21.41 of the Insurance Code. This article was originally enacted in 1903 as Article 3096ee (Acts 1903, p. 94). At that time it specified:

"That the provisions of this act as well as all the terms and provisions of chapters 1, 2, and 3 of Title 58 of the Revised Civil Statutes of Texas are conditions upon which foreign insurance corporations shall be permitted to do business within this State, and any such foreign corporation engaged in issuing contracts for policies within this State shall be held to have assented thereto as a condition precedent to its right to engage in such business within this State." (Emphasis added.)

At that time Title 58, Article 3046, provided:

"The laws relating to and governing corporations in general shall apply to and govern insurance companies incorporated in this state insofar as the same are not inconsistent with any provision of this code."

Thus, the part of the 1903 Act which became Article 21.43 of the Insurance Code made Article 3046, R.C.S. 1895, which became

Article 2.18 of the Insurance Code, applicable to foreign insurance companies admitted to do business in Texas as well as to domestic insurance companies. Therefore, Article 2.18 would apply to foreign insurance companies admitted to do business in Texas except those organized or operating under Chapters 3, 10, 11, 12, 13, or 14 of the Insurance Code. Article 3.69 expresses the same basic legislative intent and effects the same result as Article 2.18, insofar as Chapter 3 insurance companies are concerned. This is especially emphasized by the close identity of language of the two articles, both of which are enacted in 1955 as part of S.B. 12. Furthermore, Article 3.69 applies to "insurance companies organized or operating under this Chapter 3". By adding in Article 3.69 the term "operating", which does not appear in Article 2.18, the Legislature evidenced and emphasized its intent that a foreign Chapter 3 insurance company would fall within the purview of Article 3.69 so that the general corporate laws would apply and govern when not inconsistent with the Insurance Code.

Having concluded that foreign insurance companies can fall within the purview of Articles 2.18 and 3.69, it remains then to determine whether the Business Corporation Act applies to foreign as it does to domestic insurance corporations. We recognize that the proviso to the general exclusory language in Article 9.14A, T.B.C.A., uses the term "hereafter organized" and that at first blush this would seem to limit the proviso to domestic corporations. Nevertheless, there are other circumstances that dictate a different result.

Basically, it is a question of whether a foreign insurance corporation is going to be treated in the same manner and subject to the same limitations and afforded the same rights and powers as a domestic insurance corporation similarly situated. There is nothing in Article 2.18 or Article 3.69 of the Insurance Code nor in S.B. 12 which would evidence a legislative intent or justify a construction which would result in a different standard being applied to foreign corporations than domestic. Likewise, Article 21.43 of the Insurance Code evidences the legislative intent that foreign and domestic corporations should stand on the same footing and be governed by the same laws. Article 1532, V.C.S., and Article 8.02, T.B.C.A., likewise provide that foreign corporations which obtain a certificate of authority pursuant to either Article 1529, V.C.S., or Chapter 8, T.B.C.A., shall stand on the same footing and shall have the same rights and responsibilities as a domestic corporation. (Fundamentally, of course, the powers of a foreign corporation are further limited by their charter provisions and by the law of the jurisdiction in which they are incorporated. 17 Fletcher Cyclopedia of Corporations, para. 8317, p. 80, et seq.) These statutes relate to the same subject matter and are in pari materia and should therefore be construed together. 82 C.J.S. 801, Stats., para. 366. Construing these statutes in that manner, a legislative intent is manifest that a foreign insurance corporation coming within the purview of Articles 2.18 or 3.69 of the Insurance Code is limited

by the same body of laws as would a domestic insurance corporation
similarly situated. Although a foreign corporation does not obtain its
certificate of authority under Title 32, V.C.S., or under the Business
Corporation Act so that it would fall squarely within the purview of
Article 8.02, T.B.C.A., or Article 1532, V.C.S., there is at least one
case which would effect the same result in the absence of any statute.
In the opinion of Lytle v. Custead, 23 S.W. 45 (Tex.Civ.App. 1893),
the Court stated:

> "Then there was no law regulating foreign corporations
> in Texas at the time the account was made, and, such being
> the case, the Sierra Blanca Mining and Smelting Company be-
> ing regularly incorporated under the laws of a sister state,
> the comity existing between sovereign states would place the
> corporation on an equal footing with those of this state."
> (Emphasis supplied.)

Thus, as to such a foreign corporation admitted to Texas after
the effective date of the Business Corporation Act, the Business Corpo-
ration Act would supplement the Insurance Code provisions; and as to
such a foreign corporation admitted to Texas prior to the effective
date of the Business Corporation Act, the general corporate laws found
in Title 32, V.C.S., and elsewhere would supplement the Insurance Code.

Thus far, we have not commented on the applicability of the
Business Corporation Act to domestic insurance companies incorporated
prior to and foreign insurance companies admitted prior to the effec-
tive date of the Business Corporation Act. As to these companies we
conclude that the Business Corporation Act presently cannot and does
not supplement the Insurance Code; accordingly, as to these companies
at present, the general corporation statutes such as those set out in
Title 32, V.C.S., apply and supplement the Insurance Code. As pre-
viously pointed out on page 2 of this opinion, Articles 2.18 and 3.69
of the Insurance Code refer to the corporate law as found in Title 32,
V.C.S., except insofar as the Business Corporation Act modifies that
effect. Generally, Article 9.14A, T.B.C.A., excludes from application
of the Business Corporation Act insurance companies subject to the pro-
vision above discussed. This proviso cannot apply to domestic insur-
ance corporations organized prior to the Business Corporation Act or
to foreign insurance companies admitted to do business in Texas prior
to the Business Corporation Act, for the proviso only applies to cor-
porations "hereafter organized". Furthermore, Article 9.15A, T.B.C.A.,
expressly states: ". . . existing corporations shall continue to be
governed by the laws heretofore applicable thereto."

Because of the express prohibition of Article 2.01B (4)(d)
insurance companies cannot adopt the Texas Business Corporation Act.
Thus, it does not now apply to domestic and foreign insurance companies
which were operating in Texas on the effective date of the Business
Corporation Act.

"APPLICATIONS"

In your supplementary letter you point out that the Insurance Code is silent as to problems presented in the following fact situations:

I. (1) A domestic life insurance company organized under Chapter 3 of the Texas Insurance Code in 1940 which wishes to change its name and desires to file an application with the State Board of Insurance to reserve a particular name for a short period of time is not authorized to utilize the procedure set out in Article 2.06A (2), T.B.C.A., for the reason that the Business Corporation Act does not apply at present to such corporation so as to supplement the provisions of the Insurance Code. (2) A domestic stock life insurance company organized under Chapter 3 of the Texas Insurance Code in 1958 which wishes to change its name and desires to avail itself of the procedures set out in Article 2.06 of the T.B.C.A. may do so in order to reserve the proposed name.

II. (1) The XYZ fire insurance company, a Chapter 6 fire and marine company organized in 1951, may voluntarily dissolve without obtaining unanimous consent of its stockholders by following the procedure set out in Title 33, V.C.S., and particularly that set out in Article 1387, V.C.S. The Business Corporation Act does not now apply to such a company. (2) A general casualty company organized under the provisions of Chapter 8 of the Insurance Code in 1957 may voluntarily dissolve without the unanimous consent of its stockholders in accordance with the procedure set out in Chapter 6 of the Business Corporation Act.

III. (1) A foreign stock life insurance company which if it had a certificate of authority would be operating under the provisions of Chapter 3 of the Insurance Code and which desires to register its name as provided by Article 2.07, T.B.C.A., may do so by following the procedures in Articles 2.06 and 2.07 of the Business Corporation Act. (2) A foreign general casualty company which if it had a certificate of authority would be subject to Chapter 8 and Chapter 2 of the Insurance Code and which desires to register its name as provided by Article 2.07 of the Business Corporation Act may do so by following the procedures set out in Articles 2.06 and 2.07 of the Business Corporation Act.

IV. (1) A foreign stock life insurance company having a certificate of authority and operating under the provisions of Chapter 3 of the Insurance Code which desires to change its corporate name and to utilize the procedure established by Article 2.06, T.B.C.A., and which was first admitted to do business in Texas in 1953 and has been continuously operating in this State since that time may not follow the procedures set out in the Business Corporation Act. The Business Corporation Act does not now apply to such a corporation. (2) A

foreign fire and marine insurance company operating under the provisions of Chapter 6 which was first admitted to do business in Texas in 1948 and which has been continuously doing business since that date in Texas cannot utilize the procedures set out in the Business Corporation Act in changing its name. The Business Corporation Act does not now apply to such corporations.

It goes without saying that the functions performed by the Secretary of State under the general corporate laws--the Business Corporation Act or the provisions of Title 32, V.C.S.,--would, as to insurance corporations, be performed by the Department of Insurance.

The tenor of your next question is whether an insurance company must adopt the Texas Business Corporation Act before it is applicable to the company. As we have previously stated, an insurance company cannot adopt the Texas Business Corporation Act. The Business Corporation Act does, however, apply to certain insurance companies by virtue of the proviso to the general exceptions set out in Article 9.14A, T.B.C.A. Therefore, we answer your second question in the negative.

Questions 3, 4, and 5 will not be answered since they are predicated upon our answering questions 1 and 2 in a different manner.

Since title insurance companies are subject to a special Act (Acts 55th Leg., R.S. 1957, p. 753, ch. 311) with respect to the Texas Business Corporation Act, we are excluding them from the scope of this opinion. We are not passing upon the applicability of anything stated in this opinion to title insurance companies.

We have not been asked whether the statutes set out in Title 32 will continue to apply after five years from the effective date of the Business Corporation Act to foreign and domestic insurance companies within the purview of Articles 2.18 and 3.69 of the Insurance Code which were incorporated under Texas laws or admitted to Texas prior to the effective date of the Business Corporation Act. The question is most difficult to resolve and the law is very unsettled and confusing. This is perhaps not a proper subject for an opinion since the Legislature is yet to meet and the question could be resolved by the enactment of additional legislation which would become effective prior to September 6, 1960 (five years from the effective date of T.B.C.A.). Accordingly, you are advised that this opinion does not pass on that question.

## SUMMARY

The Texas Business Corporation Act is the law "governing corporations in general" referred to in Articles 2.18 and 3.69 insofar as domestic insurance corporations organized after and foreign insurance corporations admitted to Texas after the effective date of the Business Corporation Act provided that such insurance corporations came within the purview of Articles 2.18 and 3.69 of the Insurance Code. This results although the insurance corporation has not "adopted" the Business Corporation Act. As to all other insurance corporations falling within the purview of Articles 2.18 and 3.69, the Business Corporation Act does not now apply and the "laws governing corporations in general" are those found in Title 32, V.C.S., and elsewhere other than in the Business Corporation Act.

Very truly yours,

WILL WILSON
Attorney General of Texas

By *Wallace P. Finfrock*

Wallace P. Finfrock
Assistant

WPF:lm

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

Lawrence Jones
Henry G. Braswell
J. Milton Richardson

REVIEWED FOR THE ATTORNEY GENERAL
BY:
   W. V. Geppert